ROBERT J. STEIN, III (CA Bar No. 212495)
rob@dss.law
Anthony E. DiVincenzo (CA Bar No. 259714)
aedivincenzo@dsschicagolaw.com
DIVINCENZO SCHOENFIELD STEIN
3 Park Plaza, Suite 1650
Irvine, CA 92614
Tel: (714) 881-7002 Fax: (949) 221-0027

Anthony Lanza (CA Bar No. 156703)
tony@lanzasmith.com
Ramin T. Montakab (CA Bar No.297551)
ramin@lanzasmith.com
LANZA & SMITH, PLC
3 Park Plaza, Suite 1650
Irvine, CA 92614
Tel: (949) 221-0490
Fax: (949) 221-0027

Attorneys for Plaintiffs
DARREN CLEVENGER and DAVID BLOOM and the
Putative Class

FILED
CLERK, U.S. DISTRICT COURT

1/29/2021

CENTRAL DISTRICT OF CALIFORNIA
BY:     CW     DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CLEVENGER and DAVID BLOOM on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>WELCH FOODS INC., A COOPERATIVE, THE PROMOTION IN MOTION COMPANIES, INC., a Delaware Corporation, and DOES 1 through 25, inclusive,<br><br>            Defendants. | CASE NO. 8:20-cv-01859-CJC-JDE<br><br>Hon. Cormac J. Carney, Judge Presiding<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1. Violation of Cal. Unfair Competition, Cal. Business & Professions Code §17200, *et seq.***<br><br>**2. Violation of Cal. Consumers Legal Remedies Act, Cal. Civil Code §1750, et seq.;**<br><br>Complaint Filed:  June 29, 2020<br>Case Removed: September 24, 2020<br>Trial Date: None Set |

Plaintiffs Darren Clevenger and David R. Bloom ("Plaintiffs"), by and through their attorneys, DiVincenzo Schoenfield Stein and Lanza & Smith, PLC, bring this class action complaint on behalf themselves and all others similarly situated (the "Class"), alleging facts related to their own purchases based on personal knowledge and all other facts based upon the investigation of counsel.

**NATURE OF THE ACTION**

1.      This is a consumer protection class action arising from Defendants' practice of "slack-filling" boxes of their Welch's® Reduced Sugar Fruit Snacks, Fruit 'n Yogurt™ Snacks, and certain boxes of Welch's® Fruit Snacks. The practice of using oversized containers with substantial, nonfunctional, empty space inside them is called "slack-fill" and is illegal under California and Federal law. Both Federal and California laws have long prohibited nonfunctional slack-fills for food containers. Although the legislative and administrative basis and policies behind the law are based, in part, on findings that this practice leads consumers to believe they are receiving a greater quantity of the food than is in the package (even if the quantity or weight is accurately displayed on the label), Plaintiffs' claims are based solely on the grounds that Defendants' conduct is unlawful and unfair. Plaintiffs do **not** assert any claims based on misrepresentation.

2.      Welch's® Fruit Snacks with Reduced Sugar and Welch's® Fruit 'n Yogurt™ boxes contain eight pouches of snacks, compared to ten pouches in the same size boxes of other flavors of Welch's® Fruit Snacks. The boxes of Welch's® Fruit Snacks with Reduced Sugar and Welch's® Fruit 'n Yogurt™ Snacks thus contain a significant amount of nonfunctional slack-fill compared to other flavors of Welch's® Fruit Snacks. In those boxes, Welch's® includes two more identically sized pouches and 33% more content by volume. Additionally, Defendants manufacture and package Welch's® Fruit Snacks for sale at Costco in a box containing 90 pouches (and sometimes 80), but the 90-count box can hold, at least, 110 pouches – i.e., *at least* 20% more content, meaning this product is also slack-filled. By violating Federal and

California slack-fill laws, Defendants' products are deemed "misbranded" and cannot legally be sold in interstate commerce. Defendants' abuses of state and federal laws violate the unlawful and unfair prongs of California's Unfair Competition Law (Bus & Prof. Code §17200, *et seq*.) ("UCL"), for which Plaintiffs assert claims for unlawful and unfair practices only; they do *not* assert claims for deceptive or fraudulent practices under the UCL. Defendants' conduct also violates California's Consumer Legal Remedies Act, Section 1750 of the Cal. Civil Code, *et seq* ("CLRA").

**PARTIES**

3.      Plaintiff Darren Clevenger ("Clevenger") is, and at all relevant times was, an adult residing in Orange County, California. Clevenger purchased Defendant's Welch's® Fruit Snacks for some time from various stores, including but not limited to, Walmart and Albertson's in Orange County, California. Clevenger noticed that the Welch's® Fruit Snacks with Reduced Sugar contained significant amounts of empty space. Specifically, he realized that Welch's® boxes of Fruit Snacks with Reduced Sugar contained two less pouches per box than other non-premium varieties of Welch's® Fruit Snacks ("Regular Fruit Snacks"). He also noticed that Welch's® Fruit 'n Yogurt™ Snacks he had purchased also only contained eight pouches despite the box being the exact same size as Regular Fruit Snacks boxes with ten pouches. The Regular Fruit Snacks are also sold at Target in boxes containing 22 pouches; but Target sells Reduced Sugar Fruit Snacks in the same size box containing only 18 pouches, i.e., over 20% less content. Clevenger suffered injury in fact as a result of Defendants' conduct because the boxes were illegally slack-filled -- containing at least two less pouches of snacks than they should have but for the illegal slack-fill. Therefore, the products were misbranded and could not legally be sold.

4.      Plaintiff David Bloom, M.D. ("Bloom") is, and at all relevant times was, an adult residing in Orange County, California. Bloom purchased Defendants' Welch's® Fruit Snacks sold at Costco stores (the "Costco Fruit Snacks") in 2018 and

2019 in Orange County, including San Juan Capistrano and Laguna Niguel. Bloom noticed that the boxes the Costco Fruit Snacks were sold in contained significant amounts of empty space. Specifically, he realized that the boxes contained only 90 pouches, but could hold, at least, 110 pouches. Some of the boxes were 80-count. Bloom suffered injury in fact as a result of Defendants' conduct because the boxes were illegally slack-filled, as they had *at least* 20% less pouches of snacks than they should have but for the illegal slack-fill. Therefore, the products were misbranded and could not legally be sold.

5.      Defendant Welch Foods Inc. is a cooperative based and headquartered in Concord, Massachusetts, and incorporated in Michigan. Welch's products include grape juices, jams, fruit snacks, and jellies, which are sold internationally.

6.      Defendant The Promotion in Motion Companies, Inc. "(PIM") is a Delaware corporation with its headquarters in Allendale, New Jersey. Plaintiffs allege that PIM makes, markets, and/or distributes the subject products under a license agreement with Welch Foods. Plaintiffs allege, based on information and belief, that PIM participates in the making, marketing, and distribution of the subject products for Welch Foods, whereby Welch Foods and PIM jointly control and share responsibility for the manufacture, branding, marketing, and/or distribution of the subject products. At all relevant times the subject packaging is and was subject to approval by Welch.

7.      In addition to the Defendants named in this action, upon information and belief, there are other parties, known and unknown, who participated in the conduct as alleged herein.  The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 25, inclusive, are presently unknown to Plaintiffs, who therefore sue said defendants by such fictitious names.  Each of these fictitiously named defendants is responsible for the events and occurrences alleged herein which were legally and proximately cause by their conduct.  Plaintiffs will seek leave to amend this pleading to state the true names and capacities of such fictitiously names defendants if ascertained.

1

2

## JURISDICTION AND VENUE

3

4

8.      This action was initially filed in Orange County Superior Court on June 29, 2020, and is brought pursuant to the CLRA, Civil Code §1750, et seq., and

5

California's UCL, Business and Professions Code §17200, et seq., seeking equitable

6

relief, including restitution, plus monetary recovery.

7

9.      Based on the misconduct alleged, the Superior Court had Personal

8

jurisdiction over Defendants pursuant to Cal. Code of Civil Procedure §410.10

9

because at all times relevant, they conducted significant, continuous business in

10

California. Defendants have marketed and sold many millions of dollars of food to

11

California residents for their consumption.

12

10.      Venue was proper (under the original complaint) in this county under

13

Business and Professions Code §17203 and Code of Civil Procedure §§395(a) and

14

395.5. Defendants transact business and receive substantial compensation from sales

15

in Orange County. Defendants intentionally distributed their products for sale to

16

consumers in Orange County. Plaintiffs reside in Orange County and purchased

17

Defendants' products in Orange County.

18

11.      On September 24, 2020, Defendants removed this case to federal court,

19

asserting jurisdiction under CAFA, 28 U.S.C.  Section 1332(d) and 28 U.S.C. Section

20

1446. The Chief Financial Officer for PIM alleges pursuant to declaration that

21

revenues for the sale of the subject products in the 4 years preceding June 30, 2020, in

22

California far exceed $5 million and that the products were sold to tens of thousands,

23

if not more, California consumers.

24

25

## FACTUAL ALLEGATIONS

26

12.      Welch's® Reduced Sugar Fruit Snacks and Fruit 'n Yogurt™ Snacks

27

were packaged in boxes that were substantially under-filled and contained a

28

substantial amount of unnecessary empty space, *i.e.* non-functional slack-fill. This is

6

apparent because Defendants only included eight pouches of snacks in these flavors, but included ten pouches in identically sized boxes of other flavors. The boxes with ten pouches have a net weight of 9 oz, whereas the box with eight pouches have a net weight of 6.4 oz. As such, the eight pouch boxes are at least 20% under-filled by quantity and at least 30% under-filled by weight.

13.     Defendants' Fruit Snacks and Fruit 'n Yogurt™ Snacks are individually plastic wrapped and packaged in colored cardboard boxes. Consumers cannot see the empty space contained in the product packaging, *i.e.* the non-functional slack-fill. These boxes are substantially under-filled and contain substantial amount of unnecessary space, i.e. non-functional slack-fill.

14.     Additionally, the Costco Fruit Snacks are sold in a cardboard box containing 80 and/or 90 pouches with significant empty space. The box can hold, at least, 110 pouches.

15.     Both federal and California law prohibit nonfunctional slack-fill for food containers, which would include fruit snacks and its packaging. As explained below, California has codified the federal law and regulations.

16.     **The Slack-Fill Violates Federal Law.** Federal statutes and regulations prohibit nonfunctional slack fill. Pursuant to the Federal Food Drug and Cosmetic Act, 21 U.S.C. §403(d) and 21 C.F.R. §100.100 provides:

> "In accordance with Section 403(d) of the [Food Drug and Cosmetic Act], a food shall be deemed to be misbranded if its container is so made, formed, or filled as to be misleading.
>
> (a) A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill. Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for reasons other than:
>
> (1) Protection of the contents of the package;

(2) The requirements of the machines used for enclosing the contents in such package;

(3) Unavoidable product settling during shipping and handling:

(4) The need for the package to perform a specific function (e.g., where packaging plays a role in the preparation or consumption of a food), where such function is inherent to the nature of the food and is clearly communicated to consumers;

(5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value which is both significant in proportion to the value of the product and independent of its function to hold the food, e.g., a gift product consisting of a food or foods combined with a container that is intended for further use after the food is consumed; or a durable commemorative or promotional packages; or

(6) Inability to increase the level of fill or to further reduce the size of the package (e.g., where some minimum package size is necessary to accommodate required food labeling (excluding any vignettes or other nonmandatory designs or label information), discourage pilfering, facilitate handling, or accommodate tamper-resistant devices).

17.     The FDA deems a product containing nonfunctional slack fill to be "misbranded" within the meaning of the Food Drug and Cosmetic Act. As such, the sale of the packages of Defendants' boxes with only eight pouches is prohibited under 21 U.S.C. §331.

18.     **The Slack-Fill Also Violates California Law.** California law expressly prohibits nonfunctional slack-fill. California has adopted the federal regulations and codified them as the California "Fair Packaging and Labeling Act" ("FPLA"). Bus & Prof Code §12606, et seq. The FPLA states that it "applies to food containers subject to Section 403(d) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. Sec. 343(d)) and Section 100.100 of Title 21 of the Code of Federal Regulations." Bus & Prof. Code §12606.2(a). The FPLA uses identical language, as is relevant here, to 21 CFR §100.100. Bus & Prof Code §12606.2(b) and (c)(1)-(6). The text of FPLA

contains additional provisions which, based on the express language of the statute, are inoperative.[1]

19.   The boxes of Welch's® Reduced Sugar Fruit Snacks and Fruit 'n Yogurt™ Snacks and Costco boxes of Welch's® Fruit Snacks do not meet any of the six exemptions under federal or California law.

20.   Defendants' slack-fill does not protect the content of the packages.  The Fruit Snacks and Fruit 'n Yogurt™ Snacks each individually plastic wrapped, and do not gain additional protection from the extra space in the box compared to the boxes with ten pouches. See 21 CFR §100.100(a)(1); Cal. Bus & Prof. Code § 12606.2(a)(1).

21.   The requirements of packaging machines do not justify or require the slack-fill. Defendants' boxes are sealed with hot glue. As such, upon information and belief, the equipment used to manufacture and seal the boxes does not breach the inside of boxes during the packaging process. The hot glue is applied to an exterior flap of the box which is then sealed by a second exterior flap that is folded down onto the glued surface. Neither the hot glue nor the sealing equipment requires a substantial amount of slack-fill in the box during the manufacturing and packaging processes. See 21 CFR §100.100(a)(2); Cal. Bus & Prof. Code § 12606.2(a)(2).

22.   The slack-fill is not caused by product settling during shipping and handling. Given the product's density, shape, and composition, any settling occurs immediately at the point of filling the box. No additional product settling occurs

---

[1] Bus & Prof Code §§12606.2(c)(7)-(8) add additional requirements and exemptions which are not included in the 21 C.F.R. 100.100 or otherwise imposed under 21 U.S.C. §343(d). As such, pursuant to Bus & Prof Code §§12606.2(e) and (f) they are inoperative. To wit, Bus & Prof. §12606.2(f) states "If the requirements of this section do not impose the same requirements as are imposed by Section 403(d) of the Federal Food Drug and Cosmetic Act (21 U.S.C. Sec. 343(d)), or any regulation promulgated pursuant thereto, then this section is not operative to the extent that it is not identical to the federal requirements, and for this purpose, those federal requirements are incorporated into this section and shall apply as if they were set forth in this section."

during subsequent shipping and handling (see 21 CFR §100.100(a)(3); Cal. Bus & Prof. Code § 12606.2(a)(3)).

23.     The slack-fill space is not needed to perform a specific function, such as preparing the food. The Fruit Snacks and Fruit 'n Yogurt™ Snacks are removed from the packing for consumption (e.g., the Fruit Snacks are not consumed nor prepared in the cardboard packing). See 21 CFR §100.100(a)(4); Cal. Bus & Prof. Code § 12606.2(a)(4).

24.     Defendants' packaging itself lacks independent value from the food it contains. The cardboard packaging is not a commemorative item nor is it a reusable container which is part of the presentation of the food, nor is it intended for use after the food is consumed. See 21 CFR §100.100(a)(5); Cal. Bus & Prof. Code § 12606.2(a)(5).

25.     The slack-filled package was not necessary to prevent pilfering or accommodate required food labeling. Indeed, Defendants are able to include at least ten pouches of its product in each box that is the same size as the Reduced Sugar and Fruit 'n Yogurt™ snacks containing only eight pouches. Alternatively, Defendants could reduce the size of the containers to eliminate the nonfunctional slack-fill. See 21 CFR §100.100(a)(6); Cal. Bus & Prof. Code § 12606.2(a)(6).

26.     There is no lawful reason for the substantial non-functional slack-fill contained in Defendants' packaging of its Reduced Sugar Fruit Snacks, Fruit 'n Yogurt™ Snacks and the Costco Fruit Snacks. Defendants are overcharging reasonable consumers because the packaging is substantially larger than necessary to contain the eight pouches included per box.

27.     Based on information and belief, Plaintiffs allege that PIM designs the packaging which is then subject to Welch's approval before it can be placed into the stream of commerce. Further, Welch's retains extensive power and control over the marketing and sale of Welch's fruit snacks. Despite being on notice that such products are sold in violation of state and federal law, Defendants have not demanded a recall

nor taken other action to correct or ameliorate the wrongful conduct, but instead continues to allow and profit from the sale of the slack-filled products.

## CLASS ALLEGATIONS

28.     Plaintiffs brings count I (the UCL Cause of Action) as a class action pursuant to California Code of Civil Procedure §382 on behalf of a Class consisting of:

> All persons who made retail purchases in the State of California of Welch's® Reduced Sugar Fruit Snacks, Welch's® Fruit 'n Yogurt™ Snacks, or any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box, or Costco Fruit Snacks containing 80 or 90 pouches. The class period will be from June 30, 2016, through the date a class is certified.

> Excluded from the Class are the officers, directors, or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant.  Also excluded from the Class are the judge to whom this case is assigned and any member of the judge's immediate family.

29.     The Class is so numerous that joinder of all members is impracticable. Defendants have alleged under CAFA that the class consists of at least "tens of thousands of Californians." As a result, individual joinder of all purchasers is impractical.

30.     Plaintiffs' claims are typical of the claims of the other members of the Class, as Plaintiffs and all other members of the Class sustained injuries arising out of Defendants' conduct as alleged herein. The slack-filled containers were the same for all members of the class. Further, Plaintiffs are members of the Class they seek to represent.

31.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in complex class action litigation. Plaintiffs have no interests that are contrary to, or in conflict with, those of the other members of the Class. Plaintiffs and counsel are committed to the vigorous prosecution of this action on behalf of all Class members.

32.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a)    Whether Defendants' packing of Reduced Sugar Fruit Snacks and Fruit 'n Yogurt™ Snacks or other Fruit Snacks contained non-functional slack-fill in violation of California Business and Professions Code §12606.2 (FPLA), *et seq.*;

b)    Whether packages of Defendants' Reduced Sugar Fruit Snacks and Fruit 'n Yogurt™ Snacks or other Fruit Snacks contained non-functional slack-fill in violation of 21 U.S.C. §403(d) *et seq.* and 21 C.F.R. 100.100;

c)    The number of Fruit Snack pouches (of all varieties) that could or should be contained in Defendants' packaging;

d)    Whether Defendants' packages were misbranded and prohibited from being sold in interstate commerce under 21 U.S.C. §331;

e)    Whether Defendants' conduct is an unfair business practice within the meaning of California Business and Professions Code §17200, *et seq.*;

f)    Whether Defendants' conduct is an unlawful business practice within the meaning of California Business and Professions Code §17200, *et seq.*;

g)    Whether, and to what extent, Defendant Welch approved of the packaging and/or had the ability to require that the packaging not be sack-filled and/or require recall or other corrective action;

h)    The appropriate measure of restitution and/or other relief; and

i)    Whether Defendants should be enjoined from continuing their unlawful practices.

33.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

34.     Defendants acted on grounds generally applicable to the entire Class, thereby making final relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class could create the risk of inconsistent or varying adjudications with respect to individual members of the Class that could establish incompatible standards of conduct for Defendants.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Further, the amount at stake for many of the Class members is small, meaning that few, if any, Class members could afford to maintain individual suits against Defendants. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

36.     Without a class action, Defendants will likely retain the benefit of their wrongdoing and could continue a course of action, which would result in further damages to the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION
### For Violation of California Unfair Competition Law,
### Cal. Business & Professions Code §17200, *et seq* (UCL)

37.     Plaintiffs reallege the foregoing paragraphs and incorporates them as if fully set forth herein.

38.     At all relevant times, the UCL was in full force and effect.

39.     The UCL prohibits the use of "any unlawful, unfair or fraudulent business act or practice." (Bus & Prof. Code §17200).

40.     Section 17203 of the UCL empowers the Court to enjoin any conduct that violates the UCL and "make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be

1   necessary to restore to any person in interest any money or property, real or personal,

2   which may have been acquired by means of such unfair competition."

3       41.    Plaintiffs have "suffered injury in fact and [have] lost money or property

4   as a result of the unfair competition" as complained of herein. Bus & Prof. Code

5   §17204. Plaintiffs have paid money for Defendants' products that contained

6   nonfunctional slack-fill and were "misbranded." As such, the products could not

7   legally be sold in interstate commerce. The monies that Plaintiffs and the class

8   members paid for the products resulted from unfair and illegal competition by

9   Defendants and Plaintiffs and the class members are entitled to an order restoring

10   those monies to them and an order enjoining Defendants from selling nonfunctionally

11   slack-filled products in the State of California. Additionally, even if Defendants'

12   Reduced Sugar Fruit Snacks and Fruit 'n Yogurt™ Snacks and other Fruit Snacks

13   could have legally been sold in interstate commerce, Plaintiffs overpaid and/or

14   acquired less than they would have if the same packages had not contained

15   nonfunctional slack-fill.

16       42.    Defendants' conduct violated the unlawful prong of the UCL, as it

17   violated the California FPLA and the Federal Food Drug and Cosmetic Act (and

18   regulations promulgated thereunder), both of which prohibit nonfunctional slack-fill.

19   Further, by violating the federal slack-fill regulations, Defendants' products are

20   deemed "misbranded" and, thus, illegal to sell. 21 U.S.C. §331. It is not necessary for

21   Plaintiffs to establish that Defendants violated both laws. A violation of either law

22   establishes a violation of the UCL.

23       43.    Defendants' conduct also violated the unfair practices prong of the UCL.

24   Defendants' conduct violates both California and federal public policy, as shown by

25   their respective prohibitions on nonfunctional slack-fill and prohibition on introducing

26   misbranded products into interstate commerce. The conduct is also anti-competitive

27   and puts competitors who follow the law at a disadvantage. Defendants' conduct

28   suppresses competition and has a negative impact on the marketplace, decreasing

consumer choice. Further, Defendants' conduct causes significant aggregate harm to consumers, causing them to overpay, because the increased empty space in the packages is nonfunctional slack-fill.

44.     Defendants' violations of the UCL entitle Plaintiffs and the class members to injunctive relief [stated herein to preserve this claim for appeal, but injunctive relief is no longer sought because the court has ruled against it], and full restitution.

## SECOND CAUSE OF ACTION
### For Violation of California Consumers Legal Remedies Act,
### California Civil Code §1750, *et seq.* (CLRA)

45.     Plaintiffs reallege the foregoing paragraphs and incorporates them as if fully set forth herein.

46.     The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices." Civil Code § 1770(a)(5) prohibits conduct which is unfair or unlawful because a person represents that goods have "characteristics" or "quantities" that they do not have. By including the nonfunctional slack-fill in violation of California and Federal law, as described above, Defendants committed unfair and unlawful acts, practices, and methods of competition in violation of the CLRA.

47.     Plaintiffs bring this cause of action pursuant to Civil Code §1750, *et seq.*, the CLRA, on their own behalf and on behalf of all other persons similarly situated pursuant to Cal. Civil Code §§1781(a) & (b).

48.     The CLRA provides its own class certification standards, which makes class certification mandatory where the requirements are met. Section 1781 provides:

> (b) the Court shall permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist:
>
> (1) It is impracticable to bring all members of the class before the court.

(2) The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members.

(3) The claims or defenses of the representative plaintiff is typical of the claims or defenses of the class.

(4) The representative plaintiff will fairly and adequately protect the interests of the class

49. For the reasons stated above, all the requirements of California Civil Code §1781(b) are met. Plaintiffs seek certification of a CLRA class defined as stated above in paragraph 28, except the beginning date will be June 30, 2017 (rather than 2016).

50. Plaintiffs and the proposed class members have each been harmed by Defendants' violations of the CLRA in that they and class members have paid for products that were packaged to contain significant nonfunctional slack-fill. Therefore, Plaintiffs and the class members have overpaid and/or been short-changed due to the unlawful packaging.

51. On July 1 and July 15, 2020, counsel for Plaintiffs sent demand letters via US Certified Mail, return receipt requested, to Welch Foods and PIM, respectively, demanding compliance with Section 1782 of the California Civil Code (the CLRA), consisting of refunds for the subject products, in addition to ceasing all unlawful conduct asserted in this litigation, and attaching a copy of the complaint filed on June 29, 2020. Defendants failed to comply with the demand letters within the 30-day deadline specified therein, and, as such, pursuant to Sections 1780 and 1782(e) of the California Civil Code, Plaintiffs are thereby entitled to pursue damages under the CLRA at this time.

52. Pursuant to California Civil Code §1780(a), Plaintiffs, on behalf of themselves and the class, are entitled to: (I) an order enjoining Defendants' wrongful conduct [stated herein to preserve this claim for appeal, but injunctive relief is no longer sought because the court has ruled against it]; (ii) an order of restitution; (iii) damages; and (iv) any and all other relief the Court deems proper.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and the putative class members, pray for the following relief:

A.      For an order certifying this case as a class action under California Code of Civil Procedure §382 (UCL), and California Civil Code § 1781 (CLRA), as alleged herein, and appointing Plaintiffs as a Class Representative and Plaintiffs' Counsel as Lead Class Counsel;

B.      For an order that Defendants have violated the statutes as alleged herein;

C.      [Injunctive relief is no longer sought but is stated here only to preserve it for appeal – based on the court's ruling dismissing such relief pursuant to motion to dismiss];

D.      For an order awarding Plaintiffs and Class members restitution and/or disgorgement under the UCL and damages under the CLRA in an amount to be determined at trial;

E.      For an award of reasonable attorneys' fees and all costs of suit as provided for by California Code of Civil Procedure § 1780(e), California Code of Civil Procedure § 1021.5, and/or all other applicable law and/or equitable doctrines;

F.      For such other relief as the Court deems just and proper.

DIVINCENZO SCHOENFIELD STEIN and LANZA & SMITH, PLC

Dated:  January 22, 2021

By:   */s/ Anthony Lanza*
          Anthony Lanza
          Robert J. Stein III
          Ramin T. Montakab
          Attorneys for Plaintiffs
          DAREN CLEVENGER and DAVID
          BLOOM