**VENABLE LLP**
Daniel S. Silverman (SBN 137846)
  DSSilverman@venable.com
Bryan J. Weintrop (SBN 307416)
  BJWeintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

*Attorneys for Defendants*
Welch Foods Inc., A Cooperative, and
The Promotion In Motion Companies, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DARREN CLEVENGER and DAVID BLOOM on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELCH FOODS INC., A COOPERATIVE, THE PROMOTION IN MOTION COMPANIES, INC., a Delaware corporation and DOES 1 through 25, inclusive; <br><br> Defendants. | CASE NO. 8:20-cv-01859-CJC-JDE <br><br> Assigned For All Purposes To The Hon. Cormac J. Carney <br><br> **DEFENDANTS' WELCH FOODS INC., A COOPERATIVE, AND THE PROMOTION IN MOTION COMPANIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE:  March 29, 2021 <br> TIME:  1:30 p.m. <br> COURTROOM.:  9B <br><br> Action Filed:  June 29, 2020 <br> Action Removed: September 24, 2020 |

PLEASE TAKE NOTICE THAT at 1:30 p.m. on March 29, 2021, or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Cormac J. Carney of the United States District Court for the Central District of California, in Courtroom No. 9B located at 411 West Fourth Street, Santa Ana, California 92701, Defendants Welch Foods Inc., A Cooperative ("Welch's") and The Promotion In Motion Companies, Inc. ("PIM" and collectively with Welch's "Defendants") will and hereby do move the Court for an Order Dismissing Plaintiffs' Second Amended Class Action Complaint for Violations of California's Unfair Competition Law, California Business and Professions Code section 17200 et seq. and the California Consumer Legal Remedies Act, Civil Code section 1750 et seq., pursuant to Fed. R. Civ. P. 12(b)(1) for lack of Article III standing with respect to allegations made relating to 18 count boxes of Welch's® Fruit Snacks Reduced Sugar.

Defendants also will and hereby do move the Court for an Order striking Plaintiffs' class allegations pursuant to Fed. R. Civ. P. 12(f) on the grounds that the putative class definition is vague and ambiguous and attempts to assert claims regarding products for which Plaintiffs lack Article III standing.

This Motion is made on the grounds set forth in the accompanying Memorandum of Points and Authorities and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings, records, and papers on file in this action, and such other written and oral argument as may be presented to the Court.

///
///
///

1   This motion is made following the conference of counsel pursuant to L.R. 7-
2   3 which took place on February 12, 2021.

3   Dated: February 19, 2021            **VENABLE LLP**
4                                        Daniel S. Silverman
                                         Bryan J. Weintrop
5
                                         By: /s/ Daniel S. Silverman
6                                            Daniel S. Silverman

7                                        *Attorneys for Defendants*,
                                         Welch Foods Inc., A Cooperative, and
8                                        The Promotion In Motion Companies, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Second Amended Complaint ("SAC") attempts to circumvent this Court's prior Order holding that Plaintiffs do not have Article III standing to assert claims with respect to Welch's Fruit Snacks which they did not purchase and which are not "substantially similar" to those they did purchase. Specifically, Plaintiffs allege claims relating to 18 count boxes of Welch's® Fruit Snacks Reduced Sugar ("Reduced Sugar") despite the fact that neither Plaintiff Clevenger nor Bloom allege they purchased this product, or allege facts demonstrating substantial similarity to any of the products they allege to have purchased.

In its November 18, 2020 Order Granting In Part And Denying In Part Defendants Welch Foods Inc., A Cooperative ("Welch's") and The Promotion In Motion Companies, Inc.'s ("PIM" and collectively with Welch's "Defendants"), Motion To Dismiss Plaintiff Clevenger's First Amended Complaint (the "FAC Dismissal Order"), this Court held that Clevenger lacked Article III standing to pursue claims relating to 80 and 90 count boxes of Welch's® Fruit Snacks sold at Costco stores (the "Costco Fruit Snacks") because the Costco Fruit Snacks are not "substantially similar" to the 8 count boxes of Welch's® Fruit 'n Yogurt Snacks ("Fruit 'n Yogurt") he purportedly purchased. Dkt. 28 at 7. Plaintiffs attempt to cure this deficiency in their SAC by now alleging facts regarding purchases by Plaintiff Bloom of 80 and 90 count boxes of Costco Fruit Snacks.

Notably, however, Clevenger and Bloom also now attempt to assert for the **first time** claims regarding 18 count boxes of the Reduced Sugar product, despite the fact that neither Clevenger nor Bloom allege they purchased this product, or plausibly explain how the 18 count boxes of Reduced Sugar are substantially similar to either the 8 count boxes of Fruit 'n Yogurt that Clevenger claims he purchased, or the 80 and 90 count boxes of Costco Fruit Snacks Bloom claims he purchased. To the contrary, Clevenger and Bloom lack standing to pursue claims

relating to 18 count boxes of Reduced Sugar because, like the Costco Fruit Snacks claims which the Court ruled in the FAC Dismissal Order Clevenger did not have standing to pursue, the 18 count boxes of Reduced Sugar "have a different size and composition from the other two [purchased] products" and are "not substantially similar." Dkt. 28 at 7. As such, all claims relating to 18 count boxes of Reduced Sugar should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing.

Similarly, Plaintiffs' putative class definition should be stricken pursuant to Fed. R. Civ. P. 12(f) because the definition is vague and ambiguous and seeks to assert claims relating to purchases of unnamed products for which Clevenger and Bloom lack standing. Specifically, Plaintiffs define the putative class as including:

> All persons who made retail purchases in the State of California of Welch's® Reduced Sugar Fruit Snacks, Welch's® Fruit 'n Yogurt™ Snacks, ***or any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box***, or Costco Fruit Snacks containing 80 or 90 pouches. The class period will be from June 30, 2016, through the date a class is certified.

SAC ¶ 28 (emphasis added).

Plaintiffs' putative class definition is vague and ambiguous because it is entirely unclear what products even qualify as "any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box." *Id*. Moreover, and for the reasons discussed above, Plaintiffs' failure to specify what products are included within this definition necessarily constitutes a failure to allege how those unnamed products are substantially similar to the products Plaintiffs claim to have purchased. As such, this Court can and should strike Plaintiffs' putative class definition.[1]

For the foregoing reasons, Defendants respectfully request that the Court dismiss all claims relating to 18 count boxes of the Reduced Sugar product and strike Plaintiffs' putative class definition insofar as it is vague and ambiguous and

---

[1] In the alternative, Defendants request that the Court require a more definite statement pursuant to Fed. R. Civ. P. 12(e).

1 contemplates unpurchased and dissimilar products for which Plaintiffs lack Article III standing.

## II.    FACTS PLED IN THE SECOND AMENDED COMPLAINT

The SAC alleges two causes of action for purported violations of the California Unfair Competition Law, California Business and Professions Code Section 17200, et seq. (the "UCL") and the California Consumer Legal Remedies Act, California Civil Code Section 1750, et seq. (the "CLRA") for purportedly selling 8 count boxes of Reduced Sugar and Fruit 'n Yogurt products, 18 count boxes of Reduced Sugar, and 80 and 90 count boxes of Costco Fruit Snacks containing non-functional slack-fill. *See* SAC ¶¶ 2-3. As to the Reduced Sugar and Fruit 'n Yogurt products, Plaintiff Clevenger claims that the products' packages were slack-filled because Defendants purportedly sell other varieties of fruit snack products in similar size boxes that contain 10 pouches of fruit snacks per box instead of 8 pouches. *See id.* ¶ 3. However, Plaintiff Clevenger alleges only that he purchased an 8 count box of Fruit 'n Yogurt. *Id.* He does not allege that he purchased any Reduced Sugar product in either 8 or 18 count boxes. *See id*. Plaintiff Bloom alleges he purchased Costco Fruit Snacks in 80 and 90 count boxes containing non-functional slack fill. *See id.* ¶ 4. He does not allege to have purchased any Fruit 'n Yogurt or Reduced Sugar product in 8 or 18 count boxes. *See id. generally*. As such, neither Plaintiff alleges to have purchased 18 count boxes of the Reduced Sugar product, nor are there any allegations regarding any purported comparison conducted by either Plaintiff regarding 18 count boxes of the Reduced Sugar product that somehow influenced their purchasing decisions regarding the products they did purchase. *See id. generally*.

Plaintiffs also seek to represent a putative class of similarly situated individuals defined as:

> All persons who made retail purchases in the State of California of Welch's® Reduced Sugar Fruit Snacks, Welch's® Fruit 'n Yogurt™ Snacks, or any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold

in the same size box, or Costco Fruit Snacks containing 80 or 90 pouches. The class period will be from June 30, 2016, through the date a class is certified.

SAC ¶ 28. Plaintiffs do not limit the definition regarding Fruit 'n Yogurt or Reduced Sugar products to 8 count boxes only. Moreover, nowhere in the SAC do Plaintiffs elaborate on what is meant by the phrase "any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box." *See id. generally*.

## III. LEGAL STANDARD

The party invoking federal jurisdiction bears the burden of establishing standing under Article III of the Constitution. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561 (1992). To satisfy Article III's standing requirement, a plaintiff must allege an "injury in fact" that is "fairly traceable to the challenged action of the defendant" and likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000). Standing must be shown to support each form of relief requested. *See id.* at 185. In addition to the requirements of Article III, private UCL plaintiffs must establish that they "lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

## IV. ARGUMENT

### A. Plaintiffs Lack Article III Standing As To 18 Count Reduced Sugar Fruit Snacks

As this Court articulated in the FAC Dismissal Order, "the 'prevailing view' in the Ninth Circuit is that class action plaintiffs can bring claims for products they did not purchase as long as the products and alleged misrepresentations are substantially similar." *Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *5 (C.D. Cal. Oct. 17, 2018) (quotations omitted); *Padilla v. Whitewave Foods Co.*, 2019 WL 4640399, at *9 (C.D. Cal. July 26, 2019). When applying the substantial similarity test to nonfunctional-slack-fill claims, courts have considered whether the

composition of the products is so similar that the slack-fill analysis would likely be the same for both products. *Gordon v. Tootsie Roll Indus., Inc.*, 2017 WL 4786090, at *2 (C.D. Cal. Oct. 4, 2017).

In applying this standard in the FAC Dismissal Order, this Court held that Plaintiff Clevenger lacked standing as to Costco Fruit Snacks because that product is "sold in a larger box that contains a different amount of empty space" than the 8 count box of Fruit 'n Yogurt he claims to have purchased. Dkt. 28 at 7; FAC ¶ 3. The Court further held that Plaintiff Clevenger's allegations regarding Costco Fruit Snacks were insufficient because he "does not allege that Costco Fruit Snacks are slack filled by comparing them to Regular Fruit Snacks. Instead, he alleges that they are filled to approximately 82 percent capacity." *Id*. The Court concluded that Clevenger lacked standing as to Costco Fruit Snacks: "Because Costco Fruit Snacks containers have a different size and composition from the other two products, they are not substantially similar." *Id*.

By contrast, the Court held that Clevenger possessed standing to pursue claims relating to 8 count boxes of Reduced Sugar despite the fact that he had only purchased 8 count boxes of Fruit 'n Yogurt because "Plaintiff alleges that both products are sold in ***same- sized boxes*** and contain the ***same number of pouches***. (FAC ¶¶ 2–3, 10.) Furthermore, Plaintiff alleges that the boxes for both products contain ***the same amount of empty space***, and Plaintiff measures this amount of empty space by comparing both products to Regular Fruit Snacks, which contain two more pouches in same-sized boxes." *Id*. at 6-7 (emphasis added).

Here, neither Clevenger nor Bloom allege to have purchased, let alone even seen, 18 count boxes of the Reduced Sugar product. *See* SAC ¶¶ 3-4. Further, Plaintiffs do not and cannot allege substantial similarity between either the 8 count box of Fruit 'n Yogurt product Clevenger allegedly purchased, or the 80 and 90 count boxes of Costco Fruit Snacks Bloom allegedly purchased, because the 18 count box of the Reduced Sugar product is necessarily a different size and contains

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

a different number of fruit snack pouches. Indeed, the only "fact" alleged by Plaintiffs in an attempt to establish similarity between 18 count boxes of Reduced Sugar with any of the purchased products is that the 18 count box of Reduced Sugar purportedly contains "over 20% less content" than the 22 count boxes of Regular Fruit Snacks (*id.* ¶ 3) while the 8 pouch boxes are "at least 20% underfilled by quantity and at least 30% underfilled by weight." *Id.* at ¶ 12. Such allegations are woefully insufficient to plead substantial similarity.

For example, in *Padilla*, 2019 WL 4640399, which was cited by this Court in its FAC Dismissal Order, the court rejected the plaintiff's attempt to establish standing based on unpurchased varieties of the defendant's dietary supplement shakes where the only similarity plaintiff alleged was that each of the shakes was "significantly comprised of non-functional empty space" and that "all Vega Food and Protein Powders contain substantially similar fill levels and thus, substantially similar non-functional slack fill, approximately 50%." *Id*. at *10. The plaintiff further provided images of two of the defendant's protein shakes that showed one had a net weight of 28.7 ounces while another had a net weight of 30.9 ounces. *Id*. The court held that these allegations were insufficient to establish substantial similarity because the "FAC does not allege that the Products have similar 'density, weight, volume, size or shape,' but only that all are sold as protein powders. Nor does it allege similarities as to the composition of the Products." *Id.*

Similarly here, Plaintiff Clevenger does not and cannot allege that the 18 count Reduced Sugar product has similar density, weight, volume, size or shape as the 8 count Fruit 'n Yogurt product he purchased, or that the amount of slack fill is identical – only that there is some unspecified amount of purported slack fill above 20% in the 18 count boxes (SAC ¶ 3) and that the 8 count boxes are "at least 30% underfilled by weight." SAC ¶ 12. The same can be said for Plaintiff Bloom, who does not even attempt to establish substantial similarity between Costco Fruit Snacks and the 18 count Reduced Sugar product, in tacit acknowledgment that no substantial

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

similarity exists for the reasons the Court articulated in the FAC Dismissal Order. *See* Dkt. 28 at 7.

The Court should, therefore, dismiss Plaintiffs' claims as to 18 count boxes of Reduced Sugar for lack of Article III standing because that product is not "substantially similar" to any product alleged to have been purchased by either Plaintiff. *See Benson v. Fannie May Confections Brands, Inc.*, No. 17 C 3519, 2018 WL 6446391, at *3 (N.D. Ill. Dec. 10, 2018), *aff'd*, 944 F.3d 639 (7th Cir. 2019) (holding slack-fill allegations insufficient where the basis for the allegations was the different levels of slack-fill in 7 oz. and 14 oz. boxes of candy); *Alce v. Wise Foods, Inc.*, No. 17 CIV. 2402 (NRB), 2018 WL 1737750, at *8 (S.D.N.Y. Mar. 27, 2018) (plaintiffs could not establish nonfunctionality of slack-fill by comparing it to bags of defendant's other snack chip lines and chips of its competitors).

**B.**     **Plaintiffs' Putative Class Definition Should Be Stricken Due To Vagueness And Lack Of Standing**

Federal Rule of Civil Procedure 12(f) provides that the Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial [.]" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (citations omitted), *overruled on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Some courts have thus struck class allegations where it is clear from the pleadings that class claims cannot be maintained. *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal., 2010) (holding that, under Rule 23(c)(1)(A) and 23(d)(1)(D), courts have authority to strike class allegations before discovery); *Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery"); *see also Jackson v. Gen. Mills, Inc.*, No.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

18CV2634-LAB (BGS), 2019 WL 4599845, at *2 (S.D. Cal. Sept. 23, 2019) (striking class allegations at pleading stage because plaintiff could not pursue claims under California's consumer protection statutes on behalf of nationwide consumers). "[N]o class may be certified that contains members lacking Article III standing . . . The class must therefore be defined in such a way that anyone within it would have standing." *Sanders*, 672 F. Supp. 2d 978, 991 (striking class allegations where class definition would have included individuals who "either did not see or were not deceived by advertisements, and individuals who suffered no damages.")

Here, Plaintiffs' putative class definition is defined as:

> All persons who made retail purchases in the State of California of Welch's® Reduced Sugar Fruit Snacks, Welch's® Fruit 'n Yogurt™ Snacks, **or any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box**, or Costco Fruit Snacks containing 80 or 90 pouches. The class period will be from June 30, 2016, through the date a class is certified.

SAC ¶ 28 (emphasis added).

The above specified class definition should be stricken because it: (a) purports to include varieties of Reduced Sugar and Fruit 'n Yogurt products other than 8 count boxes (and thus includes 18 count boxes of Reduced Sugar); and (b) is entirely vague and ambiguous as to what the phrase "or any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box" means.

It is axiomatic that Plaintiffs cannot purport to assert claims on behalf of unnamed putative class members for which they themselves lack Article III standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016) (holding that Article III requires that even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong).

As discussed in Section IV.A above, Plaintiffs lack standing to assert claims relating to 18 count boxes of the Reduced Sugar product because neither Plaintiff alleges to have purchased that product, nor have they alleged facts demonstrating that it is "substantially similar" to any of the products they allegedly purchased. Moreover, Plaintiffs do not specify what additional products they claim are contemplated by the unclear phrase "or any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box" such that Defendants may determine what products are claimed to be at issue, let alone understand Plaintiffs' theory for how those products satisfy the "substantially similar" standard such that they could purport to represent other consumers who purchased those products. As such, the Court should strike Plaintiffs' putative class definition to ensure it complies with the requirements of Article III.[2]

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' claims regarding 18 count boxes of Reduced Sugar be dismissed without leave to amend because Plaintiffs lack Article III standing as to that product. Defendants further respectfully request that Plaintiffs' putative class definition be stricken to

///
///
///

---

[2] At minimum, the Court should require Plaintiffs to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) so Defendants can have appropriate notice of what precise products are claimed to be at issue so they can potentially address Plaintiffs' standing to assert claims based on those currently unspecified products through a subsequent motion to dismiss and/or to oppose class certification.

the extent it is vague and ambiguous and seeks to permit Plaintiffs to assert claims for products for which they lack standing.

Dated: February 19, 2021     **VENABLE LLP**
Daniel S. Silverman
Bryan J. Weintrop

By:  */s/ Daniel S. Silverman*
    Daniel S. Silverman

*Attorneys for Defendants*,
Welch Foods Inc., A Cooperative, and The Promotion In Motion Companies, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel of record, who are deemed to have consented to electronic service via the court's CM/ECF system per Civil Local Rule 5.4(d).

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed February 19, 2021.

*/s/ Daniel S. Silverman*
Daniel S. Silverman