ROBERT J. STEIN, III (CA Bar No. 212495)
rstein@dss.law
Anthony E. DiVincenzo (CA Bar No. 259714)
aedivincenzo@dsschicagolaw.com
DIVINCENZO SCHOENFIELD STEIN
3 Park Plaza, Suite 1650
Irvine, CA 92614
Tel: (714) 881-7002 Fax: (949) 221-0027

Anthony Lanza (CA Bar No. 156703)
tony@lanzasmith.com
Brodie Smith (CA Bar No. 221877)
brodie@lanzasmith.com
LANZA & SMITH, PLC
3 Park Plaza, Suite 1650
Irvine, CA 92614
Tel: (949) 221-0490
Fax: (949) 221-0027

Attorneys for Plaintiffs
DARREN CLEVENGER, DAVID BLLOM
and the Putative Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CLEVENGER and DAVID BLOOM on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELCH FOODS INC., A COOPERATIVE, THE PROMOTION IN MOTION COMPANIES, INC., a Delaware Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | **CASE NO. 8:20-cv-01859-CJC-JDE**<br><br>**Hon. Cormac J. Carney, Judge Presiding**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: April 12, 2021<br>Time: 1:30 p.m.<br>Dept: 9B<br><br>Complaint Filed: June 29, 2020<br>Case Removed: September 24, 2020<br>Trial Date: October 25, 2022 |

Plaintiffs Darren Clevenger and David Bloom ("Plaintiffs"), by and through their attorneys, DiVincenzo Schoenfield Stein and Lanza & Smith, PLC, respectfully submits the Court must deny Defendants' Welch Foods Inc., a Cooperative ("Welch"), and The Promotions In Motion Companies, Inc., a Delaware Corporation ("PIM") (collectively "Defendants") Motion to Dismiss Plaintiffs' Second Amended Complaint ("Defendants' Motion" or "the Motion").

                                                DIVINCENZO SCHOENFIELD STEIN
and LANZA & SMITH, PLC

Dated: March 15, 2021            By:  <u>/s/ Robert J. Stein III</u>
                                                  Robert J. Stein III
                                                  Attorneys for Plaintiff
                                                  DARREN CLEVENGER,
                                                  AND THE PUTATIVE CLASS

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION .................................................................................... 5

II. DEFENDANTS' CITED AUTHORITY WOULD NOT "DISMISS" THE ALLEGATIONS REGARDING THE SCOPE OF THE CLASS HERE BUT WOULD RATHER EVALUATE THEM ON A MOTION FOR CLASS CERTIFICATION .................................................................... 5

   A. Defendant's Attempt to "Dismiss" Part of the Class Definition for Lack of Subject Matter Jurisdiction is Not Procedurally Proper ........................... 6

   B. The 18/22 Count Box Slack-Fill Scheme is "Substantially Similar" to the 8/10 Count Box Scheme for the Identical Products Purchased by Plaintiff ................................................................................................ 8

III. THERE IS NO BASIS TO STRIKE THE CLASS ALLEGATIONS .......... 11

IV. CONCLUSION ....................................................................................... 13

DiVincenzo Schoenfield Stein
3 Park Plaza, Suite 1650
Irvine, CA 92614

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SAC**

# TABLE OF AUTHORITIES

Cases

*BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015)..................7

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594............................ 6-7

*In re Cathode Ray Tube (CRT) Antitrust Lit.*,
   2013 WL 5429718 at *6 (ND. Cal. 2013) .......................................12

*Cordes v. Boulder Brands USA, Inc.*,
   2018 WL 6714323 at *5 (C.D. Cal. Oct. 17, 2018) ........................ 8-10

*Figy v. Frito-Lay, N.A., Inc.*, 67 F..Supp.3d 1075, 1082 (N.D. Cal. 2014)...........6, 9

*Gordon v. Tootsie Roll Indus., Inc.*,
   2017 WL 478690 at *2 and *5 (C.D. Cal. Oct. 4, 2017)............................6, 8, 10

*Hanni v. American Airlines, Inc.*,
   2010 WL 289297 at *9 (N.D. Cal. 2010) ...........................................12

*Koh v. S.C. Johnson & Son, Inc.*,
   2010 WL 94265 at *3 (N.D. Cal. Jan 6, 2010).......................................6

*Padilla v. Whitewave Foods Co.*,
   2019 WL 4640399 at * 9(C.D. Cal. July 26, 2019)...............................8

*Snell v. G4S Secure Solutions (USA) Inc.*,424 F.Supp.3d 892, 904 .........7

*Takano v. Procter & Gamble Co.*,
   2018 WL 5304817 at *4 (E.D. Cal. Oct. 24, 2018).............................6

*Vietnam Veterans of Amer. v. C.I.A.*,
   288 F.R.D. 192, 211 (N.D. Cal. 2012) ............................................12

*In re: Quaker Oats Maple & Brown Sugar Instant Oatmeal Lit.*,
   2017 WL 4676585 at *11 (C.D. Cal. Oct 10, 2017) ............................9

*In re 5-Hour ENERGY Mktg. & Sales Practices Litig.*,
   2014 Wl 5311272 (MDL No. 13-2438, C.D. Cal. 2014) at *7 ...........................9

DiVincenzo Schoenfield Stein
3 Park Plaza, Suite 1650
Irvine, CA 92614

Codes

Federal Rule of Civil Procedure 12(b), 12(b)(1), 12(b)(6)..............................5-7, 11

Federal Rule of Civil Procedure 23 ...................................................................7, 12

Federal Rule of Civil Procedure 12(e)....................................................................11

Federal Rule of Civil Procedure 12(f) ....................................................................11

MISCELLANEOUS

MANUAL FOR COMPLEX LITIGATION, FOURTH §21.221 (2012 ed.)..........................12

DIVINCENZO SCHOENFIELD STEIN
3 PARK PLAZA, SUITE 1650
IRVINE, CA 92614

## I. INTRODUCTION.

Defendants' own cited authorities and this Court's November 18, 2020 Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the First Amended Complaint ("FAC Order"), dictate Defendants' Motion (which is in fact an improper motion to partially dismiss a clam) should be denied. The sole issue raised by Defendants – the scope of the class – should be determined based on the facts (after relevant discovery) on a Motion for Class Certification. Defendants' attempt to end-run that process is not well taken and disavowed by the very cases they rely upon.

## II. DEFENDANTS' CITED AUTHORITY WOULD NOT "DISMISS" THE ALLEGATIONS REGARDING THE SCOPE OF THE CLASS HERE BUT WOULD RATHER EVALUATE THEM ON A MOTION FOR CLASS CERTIFICATION.

Defendants seek to "dismiss" or strike the allegations relating to boxes of *identical* products – the Regular versus Sugar Free and Yogurt ("premium") Fruit Snacks – that are slack filled in the same manner as the boxes purchased by Plaintiffs – i.e., Defendants put 18-20% less pouches of the premium products in the same size boxes used for the regular products. Defendants entire argument is that Plaintiffs did not purchase the larger size packages. Defendants do not dispute the pouches of products are identical to those purchased by Plaintiffs—or that the same size boxes hold different quantities of the same product.

Defendants assert a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), yet they do not dispute that Plaintiffs have standing to assert either of the causes of action in the Complaint. As shown below, Rule 12(b)(1) does not allow a party to bring a partial motion to dismiss and, in any event, the issue presented here is one of class certification, not jurisdiction. If, however, the Court disagrees with Plaintiffs on that point, Defendants' Motion should still be denied based on the "substantially similar" test previously used by the Court and urged here by Defendants.

### A. Defendant's Attempt to "Dismiss" Part of the Class Definition for Lack of Subject Matter Jurisdiction is Not Procedurally Proper.

Plaintiffs acknowledge the Court previously applied the "substantially similar" test. Thus, they devote most of their argument to showing why Defendants' Motion should be denied under that standard. (§II.B., infra) Yet, given the divergence of opinions on this issue[1], Plaintiffs believe the Rule 12(b)(1) motion brought here – seeking to "dismiss" neither the complaint nor a cause of action, but only a portion of the proposed class definition – is improper where it is undisputed Plaintiffs have Article III standing for each of the causes of action they assert.

Although some courts have dismissed claims for non-purchased products on jurisdictional grounds, several courts have held that "as long as named plaintiffs have standing to sue for the products they did purchase, any inquiry into non-purchased products produced by the same defendant should be addressed at the class certification stage." *Gordon v. Tootsie Roll Indus., Inc.*, 2017 Wl 4786090 at *5 (C.D. Cal. 2017) (citing *Koh v. S.C. Johnson & Son, Inc.*, 2010 WL 94265 at *3 (N.D. Cal. Jan 6, 2010); *Figy v. Frito-Lay, N.A., Inc.*, 67 F..Supp.3d 1075, 1082 (N.D. Cal. 2014)(collecting cases). As one Court noted, "there is no controlling authority" on this issue in the Ninth Circuit. *Takano v. Procter & Gamble Co.*, 2018 WL 5304817 at *4 (E.D. Cal. Oct. 24, 2018).

While the courts have not been focused on this issue, as often the argument arises in the context of a motion to dismiss an entire complaint (or at least an entire cause of action), Plaintiffs assert Fed.R.Civ.Proc. 12(b)(1) does allow a defendant to bring a partial motion to dismiss a narrow claim, as Defendants have done here. Plaintiffs are unable to locate any authority directly on point, but under Rule 12(b)(6) partial motions to dismiss are not permitted. *Braden v. Wal-Mart Stores, Inc.*, 588

---

[1] This Court's FAC Order at 6 stated the "prevailing view" in this Circuit applies the substantially similar test. Plaintiffs do not dispute that is the prevailing view.

F.3d 585, 594 ("complaint should be read as a whole, not parsed piece by piece to determine whether each allegation in isolation is plausible."); *BBL, Inc. v. City of Angola,* 809 F.3d 317, 325 (7th Cir. 2015)("Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims"); Snell v. G4S Secure Solutions (USA) Inc.¸424 F.Supp.3d 892, 904 (refusing to grant partial dismissal under Rule 12(b)(6)). The analogy to Rule 12(b)(6) is apt, as both Rules 12(b)(1) and 12(b)(6) apply in the same manner to defenses to "a claim for relief." Fed.R.Civ.Proc. 12(b). To reach the conclusion that a partial dismissal is allowed under the Rule 12(b)(1), but not under Rule 12(b)(6), requires concluding the same term –"a claim for relief" – set forth in Rule 12(b) has two different meanings, depending on which subsection of Rule 12(b) it is applied. There is no basis in the language or structure of the rule to support such a conclusion.

    Analytically, the issue is really one of class definition, appropriately decided on a motion for class certification, and not one of standing. While Article III standing requires the plaintiffs suffer a concrete injury in fact, that is not disputed here. Rather, Defendants claim Plaintiffs' injuries are not sufficiently analogous to consumers who purchased a different size box of the same products with the same amount of slack-fill. The entire concept of a class action, however, rests on the concept that the class representative's injuries are sufficiently similar to the class members' injuries such that a representative action is proper. Rule 23 does not, indeed could not, require that a Plaintiff and the class members literally share the same injury (in the case of a consumer purchase, the purchase made by the named plaintiff forms the basis of his injury, while the purchases by each class member are the basis for their injuries – the transactions are separate even if the products are identical). Simply put, Defendants do not dispute that both Plaintiffs have individual standing. The proper scope of the class is not a question of Article III standing, but is an aspect of class certification left to the sound discretion of the Court.

/ / /

**B. The 18/22 Count Box Slack-Fill Scheme is "Substantially Similar" to the 8/10 Count Box Scheme for the Identical Products Purchased by Plaintiff.**

Defendants cite this Court's prior holding that the 'prevailing view' in this Circuit is that "plaintiffs can bring claims for product they did not purchase as long as the products and alleged misrepresentations[2] are substantially similar" to the products they purchased. Defs' Mot. at 4:22-5:3, citing FAC Order at 6, in turn citing *Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323 at *5 (C.D. Cal. Oct. 17, 2018); *Padilla v. Whitewave Foods Co.,* 2019 WL 4640399 at * 9(C.D. Cal. July 26, 2019); *Gordon v. Tootsie Roll Indus., Inc.* 2017 WL 478690 at *2 (C.D. Cal. Oct. 4, 2017). In its FAC Order the Court found that the Costco product, which was sold in a much larger box (90 packages instead of the 8/10 packages purchased by Plaintiff Clevenger) was not "substantially similar" to the products purchased by Plaintiff not just because it was a different size container but because, more importantly, *in addition to the size difference*, there was *different theory* for why it was slack-filled: "Plaintiff does not allege that the Costco Fruit Snacks are slack filled by comparing them to the Regular Fruit Snacks." (FAC Oder at 7:2-4). The *exact opposite* situation is alleged in the SAC regarding the 18/22 count boxes.

Like the FAC, the SAC alleges Welch's regular Fruit Snacks were sold in boxes containing 10 pouches while the "premium" Reduced Sugar and Yogurt flavors (which Plaintiff Clevenger purchased) only contained eight pouches (20% less) in the same size boxes—and thus were inevitably slacked filled. The SAC alleges that, based on Plaintiffs' investigation, the exact same products are sold at Target (and perhaps other stores) in boxes containing 22 pouches of the regular Fruit Snacks but only 18

---

[2] As has been discussed at great length in the prior motions in this case, Plaintiffs are not pursuing fraud or misrepresentation based claims. Rather they allege Defendants' conduct violates state and federal slack-fill laws and, thus, constitutes unfair and unlawful conduct in violation of the UCL and CLRA. The underlying rationale of Defendant's cited authority applies equally to Plaintiffs' claims – i.e., the products and alleged scheme of misconduct should be substantially the same.

pouches (18.2% less) of the Reduced Sugar and Yogurt Fruit Snacks in the same size box. (SAC ¶3). Here the allegations are more than "substantially similar" to the product Plaintiff purchased. The allegations apply to the *exact same products* and the illegal scheme is identical: Defendants put ~20% less[3] pouches of the premium Fruit Snacks into the same size box they use for the regular Fruit Snacks. The scheme is exposed by "comparing" the content of identically sized boxes. When examining the authority cited by the FAC Order, and Defendants' Motion, this is not a close call – courts would not dismiss this part of the claim for lack of standing. It is properly viewed as a class certification issue (typicality) to be resolved on a Motion for Class Certification. *See e.g., Cordes*, 2018 WL 6714323 at *5 (citing *In re 5-Hour ENERGY Mktg. & Sales Practices Litig.*, 2014 Wl 5311272 (MDL No. 13-2438, C.D. Cal. 2014) at *7 and *In re: Quaker Oats Maple & Brown Sugar Instant Oatmeal Lit.,* 2017 WL 4676585 at *11 (C.D. Cal. Oct 10, 2017)).'

The cases cited by the FAC Order recognize *Figy v. Frito-Lay N. Am.¸* 67 F.Supp.3d 1075 (N.D. Cal. 2014) as a seminal case in this Circuit for the "substantially similar" test. *Figy* involved mislabeling claims arising from Defendant's labeling several lines of products as "all natural," "fat free" or "low fat." *Id.* at 1080. Plaintiffs in that case only purchased three of the five products included in their class definition. *Id.* at 1079. Adopting the "substantially similar" test, the Court rejected Defendant's request to dismiss the non-purchased products. *Id.* at 1084. Like here, the Court found the products readily met the "substantially similar" requirement because the products contained similar (in our case identical) ingredients and the alleged wrongful conduct (there the same false labeling and here the same slack-fill scheme) was identical between the non-purchased and the purchased products. *Id.*

---

[3] Given that the box of regular Fruit Snacks contains 22 pouches, the reduction to 18 pouches is literally the closest Defendants could come to the exact same 20% reduction in the 10/8 pack scheme. This results in an 18.2% reduction (1.8% off from the 20% reduction). If Defendants had reduced the packaging to 17 pouches that would yield a 22.7% reduction (2.7% off from the 20% mark).

We examine the three cases cited by the FAC Order and Defendants:

First, *Gordon* involved slack-fill in a 3.5 ounce box of Junior Mints (purchased by Plaintiff) and other products manufactured by the same defendant, including a six ounce box of Sugar Babies. *Gordon v. Tootsie Roll*, 2017 WL 4786090 at *2. The Court applied the "substantially similar" test and found that, although Plaintiff had not purchased the Sugar Babies, it was proper to allow the case to proceed with them included in the class definition and to adjudicate the issue based on facts presented at the class certification stage. *Id.* at 2-3. Citing *Frito Lay*, the Court observed that Plaintiff had alleged "sufficient similarities between the composition of Junior Mints and Sugar Babies" by asserting they had "similar density, weight, volume, size and shape . . . ingredients," were packaged in the same facility, and contained about the same percentage of slack fill. *Id.* at 2. Here the similarity is much closer, as the products at issue are *identical* and the difference in the package size is about the same (3.5 oz vs. 6 oz in *Gordon* and 8 pouches vs. 18 pouches here). Accordingly, *Gordon* would certainly not dismiss the claims relating to the 18/22 pouch packages.

Second, *Cordes* alleged slack-fill claims against a pretzel manufacturer. Mr. Cordes had purchased "only the fudge-covered variety of Defendant's gluten free pretzels . . . [but sought] to represent a class of individual who purchased *all* varieties of Defendant's pretzel products." *Cordes v. Boulder,* 2018 WL 6714323, at *5 (italics original). After observing that Courts "often postpone[ ] the inquiry into whether the products and misrepresentations are substantially similar until the class certification stage" the Court stated it "would have been inclined to do so again here had Plaintiff included *anything* in the complaint that would indicate that all varieties of Defendant's pretzels have similar slack-fill in their packaging. But the complaint is completely silent as to the non-fudge covered varieties of Defendant's pretzels." *Id.* (italics original). By contrast here, the SAC alleges that the 18/22 pouch packages are the exact *same* products *and* the same slack-fill scheme as the 8/10 pouch products. Thus, *Cordes* would deny the motion to dismiss and would evaluate this argument at the

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SAC**

DiVincenzo Schoenfield Stein
3 Park Plaza, Suite 1650
Irvine, CA 92614

class certification stage.

Third, *Padillia* involved slack-fill in protein powders. *Padillia v. Whitewave,* 2019 WL 4640339 at *1. Although Plaintiffs only purchased one variety of Defendant's protein powders (*Id.* at *1), they sought to include within the class a wide variety of different protein powder products manufactured by Defendant. (*Id.* at *10). The court found the other products did not pass the "substantially similar" test because, unlike here, there were no allegations the products have "similar 'density, weight, volume, size or shape' . . . [n]or does it allege similarities as to the composition of the Products." (*Id.*). Further, the allegation showed a disparity in the slack-fill of the products. (*Id.*). By contrast here, literally every one of those factors bodes in Plaintiffs' favor. The SAC does not merely allege the actual fruit snacks in the 18/22 pouch packages have similar density, weight, volume, shape and composition, it alleges they are *the exact same products* used in the 8/10 pouch packages. Further the disparity in the slack-fill is as close as humanly possible, 18% v. 20%. (See fn. 3, *infra*). *Padillia* thus dictates against dismissal.

In sum, based on the authorities cited by the FAC Order and relied upon by Defendants, the claims for the 18/22 count boxes satisfy the "substantially similar" test, and Defendants' Motion should be denied.

### III.   THERE IS NO BASIS TO STRIKE THE CLASS ALLEGATIONS.

Defendants' argument that the same portion of the class definition it seeks to have dismissed under Rule 12(b)(1) should be stricken under Rule 12(f) falls flat. (Defs.' Mot at 7-9). Foremost, the argument is a bootstrapping argument, predicated on the lack of standing argument which Plaintiffs have already shown fails. (See §II, *supra*; Defs.' Mot. at 7-9). Rejecting Defendants' Rule 12(b)(1) argument ends their Rule 12(f) argument.

Defendants also claim, under their Rule 12(f) argument, but admitting in footnote 2 that they are really making a Rule 12(e) argument, that the class definition is too vague because it includes "any other Welch's brand fruit snacks containing less

pouches per box than the regular fruit snacks." (Defs.' Mot. at 8:10-9:13). Defendant's have not cited any authority or facts to support that argument. Despite the fact that they are entirely responsible for manufacturing, packaging, and selling the products in question, Defendants seemingly claim not to know which Welch's Fruit Snacks they sell where they put a lesser number of pouches of a premium fruit snack into the same size box that they use for their Regular Fruit Snacks.

Notably, Defendants fail to cite any of the well-established criteria for a class definition, as it completely undermines their argument. "A class definition is sufficient if the description of the class is 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *Vietnam Veterans of Amer. v. C.I.A.*, 288 F.R.D. 192, 211 (N.D. Cal. 2012). The key to a class definition is that, like here, it must allow the court to determine whether a person is a class member based on objective criteria, and not based on determining the merits of the claim. *In re Cathode Ray Tube (CRT) Antitrust Lit.*, 2013 WL 5429718 at *6 (ND. Cal. 2013); *Hanni v. American Airlines, Inc.,* 2010 WL 289297 at *9 (N.D. Cal. 2010); MANUAL FOR COMPLEX LITIGATION, FOURTH §21.221 (2012 ed.)

Here, the definition is entirely objective and proper under Rule 23 – points Defendants do not dispute. The Fed.R.Civ.P. requires only notice pleading "showing the pleader is entitled to relief." Here, Plaintiffs have put Defendants on notice they are seeking a class that includes all persons in California who purchased "Welch's ® Reduced Sugar Fruit Snacks, Welch's ® Fruit 'n Yogurt™ Snacks or any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box. . ." during the class period. (SAC ¶28). The SAC gives defendants clear notice of the scope of the claims. Defendants are uniquely well suited to know what other boxes of Fruit Snacks they created and sold where they put less pouches of a premium product into the same size box used for the Regular Fruit Snacks. That information is in their possession and is the subject of discovery already propounded by Plaintiffs. To the extent Defendants' argument is simply that it would

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SAC**

be preferable to name each specific package, that may be a good suggestion, but can only be done after discovery is completed.

## IV.  CONCLUSION.

For all of the foregoing reasons, Plaintiff requests the Court DENY Defendants' Motion to Dismiss in its entirety.

                              DIVINCENZO SCHOENFIELD STEIN
                              and LANZA & SMITH, PLC

Dated: March 15, 2021        By:  /s/ Robert J. Stein III
                                        Robert J. Stein III
                                        Attorneys for Plaintiff
                                        DARREN CLEVENGER,
                                        AND THE PUTATIVE CLASS

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SAC**

# PROOF OF SERVICE

Darren Clevenger *v.* *Welch Foods Inc., et al.*
USDC Case No.: 8:20-cv-01859-CJC-JDE

I am a citizen of the United States, over the age of 18 years, employed in the County of Orange in the State of California, and not a party to this cause. My business address is 3 Park Plaza, Suite 1650, Irvine, CA, 92614.

On **March 15, 2021**, I served a true copy of **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT,** by delivering it to the person(s) indicated below:

Daniel S. Silverman              *Attorneys for Defendants*
Bryan J. Weintrop                Welch Foods Inc., A Cooperative, and
VENABLE LLP                      The Promotion In Motion Companies, Inc.
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
DSSilverman@venable.com
BJWeintrop@venable.com

____ **BY E-MAIL**: I caused the above documents to be served by e-mail to the offices of the addressee(s).

  **X**   **BY CM/ECF E-MAIL:** Through use of the Federal CM/EFC electronic filing system, I caused a courtesy copy of the above documents to be served by e-mail to the above offices of the addressee(s).

I hereby certify that I am employed in the office of a member of the Bar of this Court, Central District of California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed **March 15, 2021,** at Irvine, California.

*/s/Leona Smialek*
Leona Smialek