FILED
CLERK, U.S. DISTRICT COURT

4/1/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

DARREN CLEVENGER and DAVID BLOOM, on behalf of themselves and all other similarly situated individuals,

Plaintiffs,

v.

WELCH FOODS, INC., THE PROMOTION IN MOTION COMPANIES, INC., and DOES 1–25,

Defendants.

Case No.: SACV 20-01859-CJC (JDEx)

ORDER DENYING DEFENDANTS' MOTION TO DISMISS [Dkt. 47]

## I. INTRODUCTION

Plaintiffs Darren Clevenger and David Bloom bring this putative class action against Defendants Welch Foods, Inc. ("Welch"), The Promotion In Motion Companies, Inc. ("PIM"), and unnamed Does. Plaintiffs allege violations of California's Unfair

Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA").  Now before the Court is Defendants' motion to dismiss Plaintiffs' second amended complaint ("SAC").  (Dkt. 47 [hereinafter "Mot."].)  For the following reasons, Defendants' motion is **DENIED**.[1]

## II.  BACKGROUND

Plaintiffs allege that Defendant Welch manufactures and sells several varieties of fruit snacks, which are packaged and distributed by Defendant PIM.  (Dkt. 43 [SAC] ¶¶ 6, 27.)  The fruit snacks are sold in cardboard boxes that contain a set number of plastic pouches.  (*Id.* ¶¶ 12–13.)  Plaintiffs allege that certain varieties of Defendants' fruit snacks are sold in boxes that are underfilled.  (*Id.* ¶¶ 3, 12–14.)  Specifically, certain boxes of Welch's Fruit n' Yogurt Snacks ("Yogurt Fruit Snacks") and Welch's Fruit Snacks with Reduced Sugar ("Reduced Sugar Snacks") are sold in boxes that contain only eight pouches.  (*Id.* ¶ 3.)  Plaintiffs allege that these boxes are "substantially under-filled" because other non-premium varieties of Welch's Fruit Snacks ("Regular Fruit Snacks") contain 10 pouches and are sold in the same-sized boxes.  (*Id.*)  Plaintiffs also allege that Welch's Reduced Sugar Snacks sold at Target ("Target Reduced Sugar Snacks") are underfilled because each box contains only 18 pouches while Target sells Regular Fruit Snacks ("Target Regular Fruit Snacks") in same-sized boxes that contain 22 pouches.  (*Id.*)  Finally, Plaintiffs allege that Welch's Fruit Snacks sold at Costco ("Costco Fruit Snacks"), are underfilled because each box contains only 80 or 90 pouches but can hold at least 110 pouches.  (*Id.* ¶ 14.)  Plaintiffs have not purchased either Reduced Sugar Snacks or Target Reduced Sugar Snacks.  (*See id.* ¶ 3.)

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for April 12, 2021, at 1:30 p.m. is hereby vacated and off calendar.

Plaintiffs allege that Defendants' packaging violates both the UCL and the CLRA. They bring their claims on behalf of all persons who purchased in California Reduced Sugar Snacks, Yogurt Fruit Snacks, Costco Fruit Snacks or "any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box." (*Id.* ¶ 28.)

## III.  LEGAL BACKGROUND

Both the federal Food Drug and Cosmetic Act ("FDCA") and California's Fair Packaging and Labeling Act ("FPLA") prohibit "misleading" food containers.  Cal. Bus. & Prof. Code § 12606 (b); 21 C.F.R. § 100.100.  The statutes provide that a container is misleading when it contains "nonfunctional slack fill" and it "does not allow the consumer to fully view its contents."  Cal. Bus. & Prof. Code § 12606(b); 21 C.F.R. § 100.100(a).  "Slack fill" is defined as the "difference between the actual capacity of a container and the volume of product contained therein."  Cal. Bus. & Prof. Code § 12606(b); 21 C.F.R. § 100.100(a).  It is "nonfunctional" when the package is filled to "substantially less than its capacity for reasons other than" those approved by the statutes. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 967 (9th Cir. 2016); Cal. Bus. & Prof. Code § 12606(b); 21 C.F.R. § 100.100(a).

## IV.  DISCUSSION

Defendants argue that Plaintiffs lack standing to pursue their claims based on the Target Reduced Sugar Snacks.  They also contend that Plaintiffs' proposed class definition must be stricken because it is vague and may include members who lack standing.  The Court disagrees.

//

### A.    Standing

The party invoking federal jurisdiction bears the burden of establishing standing under Article III of the Constitution.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  To satisfy Article III's standing requirement, a plaintiff must allege an "injury in fact" that is "fairly traceable to the challenged action of the defendant" and likely to be redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).  In addition to the requirements of Article III, private UCL plaintiffs must establish that they "lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.

Defendants argue that Plaintiffs lack standing to pursue claims based on the Target Reduced Sugar Snacks because they did not actually purchase them.  But "the 'prevailing view' in the Ninth Circuit is that class action plaintiffs can bring claims for products they did not purchase as long as the products and alleged misrepresentations are substantially similar."  *Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *5 (C.D. Cal. Oct. 17, 2018) (quotations omitted); *Padilla v. Whitewave Foods Co.*, 2019 WL 4640399, at *9 (C.D. Cal. July 26, 2019).  When applying the substantial similarity test to nonfunctional-slack-fill claims, courts have considered whether the composition of the products are so similar that the slack-fill analysis would likely be the same for both products.  *Gordon v. Tootsie Roll Indus., Inc.*, 2017 WL 4786090, at *2 (C.D. Cal. Oct. 4, 2017).

The Target Reduced Sugar Snacks are substantially similar to the Yogurt Fruit Snacks that Plaintiffs actually purchased because the "slack fill analysis likely would be the same for both products."  *Id.* at 2.  Both products are fruit snacks sold in cardboard boxes that contain a set number of plastic pouches.  Plaintiffs allege that the boxes for both products contain similar amounts of empty space, and they measure this amount of

empty space by comparing each product to same-sized boxes of Regular Fruit Snacks. Plaintiffs allege that the Yogurt Fruit Snacks are substantially underfilled because they contain 8 fruit-snack pouches while same-sized boxes of Regular Fruit Snacks contain 10 pouches.  Similarly, Plaintiffs allege that the Target Reduced Sugar Snack boxes contain 18 pouches while same-sized boxes of Target Regular Fruit Snacks contain 22 pouches. Both products are thus approximately 20 percent underfilled as compared to same-sized boxes of Regular Fruit Snacks.  Because the products are both varieties of fruit snacks, their containers have a similar composition, and they are sold in similar packaging with similar amounts of empty space, the products are substantially similar.  *Gordon*, 2017 WL 4786090, at *2 (considering whether the products "(1) have similar density, weight, volume, size, and shape"; (2) contain similar ingredients; (3) are sold in similar packaging; and (4) are contained in packages with similar amounts of slack fill). Accordingly, Plaintiffs have standing to pursue claims related to Target Reduced Sugar Snacks and any material differences between the products are "best addressed at class certification." *Id.*

## B.     Striking Plaintiffs' Class Action Definition

Defendants also argue that Plaintiffs' putative class action definition should be stricken under Federal Rule of Civil Procedure 12(f) because it is vague and may include class members who lack standing.  The Court disagrees.

First, Plaintiffs' class definition is not too vague.  "A class is ascertainable if it identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the description." *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 211 (N.D. Cal. 2012). "Thus, a class definition is sufficient if the description of the class is 'definite enough so that it is administratively feasible for the court to ascertain whether

an individual is a member.'" *Id.* (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) ("As long as the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist.")). Plaintiffs' class definition includes all individuals who purchased in California Reduced Sugar Snacks, Yogurt Fruit Snacks, Costco Fruit Snacks or "any other Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box." (SAC ¶ 28.)  Because potential members of the class may identify themselves based on whether they purchased a variety of Welch's fruit snacks containing less pouches per box than Regular Fruit Snacks sold in the same-sized box, Plaintiffs' class definition is sufficiently definite. *See Vietnam Veterans*, 288 F.R.D. at 211.

Second, Plaintiffs' class definition may not be stricken on the ground that it could include class members who lack standing.  Defendants' argument relies on the Ninth Circuit's statement that "no class may be certified that contains members lacking Article III standing." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012); (Mot. at 8.)  However, the Ninth Circuit has since clarified that this "statement taken in context signifies only that it must be possible that class members have suffered injury, not that they did suffer injury, or that they must prove such injury at the certification phase." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1137 n.6 (9th Cir. 2016).  Because courts determine standing based on "the representative part[ies], not all of the class members," *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011), "it is sufficient for jurisdictional purposes that 'at least one named plaintiff [] satisfy Article III standing.'" *Mays v. Wal-Mart Stores, Inc.*, 330 F.R.D. 562, 578 (C.D. Cal. 2019), *reversed on other grounds by* 804 F. App'x 641, 644 (9th Cir. 2020); *see Lewis v. Casey*, 518 U.S. 343, 395 (1996) (Souter, J., concurring) ("[Unnamed plaintiffs] need not make any individual showing of standing [in order to obtain relief], because the standing issue focuses on whether the [named] plaintiff is properly before the court, not whether represented parties or absent class members are properly before the court.").  Here, the named Plaintiffs have

established their standing, and it is at least possible that the unnamed plaintiffs covered by Plaintiffs' class definition suffered an injury by purchasing "Welch's brand fruit snacks containing less pouches per box than the Regular Fruit Snacks sold in the same size box." (SAC ¶ 28.)  Accordingly, Plaintiffs' class definition may not be stricken on the ground that it could include members who lack standing.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**.  Defendants shall file an answer to Plaintiffs' Second Amended Complaint by April 16, 2021.

DATED: April 1, 2021

_____

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE