Robert J. Stein, III (CA Bar No. 212495)
rob@dss.law
Anthony E. DiVincenzo (CA Bar No. 259714)
aedivincenzo@dsschicagolaw.com
DIVINCENZO SCHOENFIELD STEIN
3 Park Plaza, Suite 1650
Irvine, CA 92614
Tel: (714) 881-7002 Fax: (949) 221-0027

Anthony Lanza (CA Bar No. 156703)
tony@lanzasmith.com
Martina Smigura (CA Bar No.320360)
martina@lanzasmith.com
LANZA & SMITH, PLC
3 Park Plaza, Suite 1650
Irvine, CA 92614
Tel: (949) 221-0490

Attorneys for Plaintiffs Darren Clevenger, David Bloom and the Putative Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CLEVENGER and DAVID BLOOM on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELCH FOODS INC., A COOPERATIVE, THE PROMOTION IN MOTION COMPANIES, INC., a Delaware Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 8:20-cv-01859-CJC-JDE<br><br>Hon. Cormac J. Carney [Discovery Document: Referred to Magistrate John D. Early]<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL**<br><br>Hearing Date: Sept 9, 20212<br>Time: 10:00 am<br>Dept.: 6A<br><br>Complaint Filed: 06/29/2020<br>Discovery Cut-Off: 12/13/2021<br>Pretrial Conference: 10/17/2022<br>Trial Date: 10/25/2022 |

### I. DEFENDANTS FAIL TO ESTABLISH ANY LEGITIMATE REASON TO WITHHOLD AN UNREDACTED COPY OF THEIR LICENSE AGREEMENT

The scope of discovery encompasses any item that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). On a motion to compel, the party opposing the discovery request bears the burden of proving the discovery request exceeds the maximum permissible discovery. *Blankenship v. Hearst Corp.,* 529 F.2d. 418, 428 (9th Cor. 1975); *Myhre v. Seventh-Day Aventist Church Reform Movement American Union Intern. Missionary Soc.,* 298 F.R.D. 6333, 637 (S.D. Ca. 2014); *Lee v. Lee*, 2021 WL 430696 (C.D. Ca. Jan. 27, 2021). Here, Defendants have not met their burden to establish why they are entitled to conceal portions of a relevant document, which is covered by a protective order.

This District's "policy is not to allow unilateral redactions based on relevance by the producing party. This is especially true when a protective order is in place" which applies here. *In re: Toyota Motor Corp. Unintended Acceleration Marketing Sales Practices, and Prods. Liability Lit.,* 2012 WL 9337626 * 1 (C.D. Ca. Jan 13, 2012)(granting motion to compel Defendants to produce unredacted documents that were previously redacted on grounds of relevance and prohibiting any "further redactions on 'relevancy' grounds.") This policy builds on the rationale that "[d]iscovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." *Hickman v. Taylor,* 392 U.S. 495, 516 (1947) (Jackson, J., concurring). Yet, this is precisely what Defendants seek to do. Defendants refuse to produce the complete License Agreement ("Agreement") because *they* have unilaterally determined the redacted portions are not relevant to their understanding of Plaintiffs' claims. See e.g., Joint Stipulation [Docket #56-1] at 9:24-10:2, 10:24-27.

Obviously, the Agreement between Defendants is relevant not only to Welch's specific ability to control the packaging of the products at issue, but to the overall

relationship (e.g., agency or otherwise) between it and Defendant Promotion In Motion. Moreover, Defendant Welch initially moved to be dismissed from the case arguing that any theory of liability against *it* was "belied by the license agreement between Welch and PIM." Mot. to Dismiss [Docket #15] at 21:22-22-12. That motion was denied, but Defendant clearly intends to pursue the issue through summary judgment or trial. Thus, the Agreement is unquestionably relevant.

Defendants' primary objection boils down to arguing the unredacted Agreement should not be produced because it may be relevant (and thus tendered to the Court) but *not* legally entitled to the protected status of filing under seal. Joint Statement at 12:4-13:2. Defendant's argument turns the law and purpose of discovery on its head.[1] There is no basis to redact a document on grounds other than privilege, especially where there is a protective order in place, because the producing party does not want the redacted portions to see the light of day—but believes the Court will find they do not merit filing under seal. Further, Defendants' judgment as to the relevance of the substance of the Agreement has already been disproven.[2] Given this track record,

---

[1] Defendants' argument also misconstrues the Court's prior order denying the request to file the document under seal in several respects. First, Defendants sought to file the *redacted* document under seal, offing no viable explanation why the unredacted portions of the document (i.e., the only parts tendered) should be sealed. The Court's holding did not state it would be improper to file the redacted document in the public file, nor was there any consideration of filing the unredacted version under seal, as Welch did not tender it. (See Joint Stipulation at 12:4-13:2 and Exhibit-9 [Order on Motion to File Under Seal] at 2:24-3-6). Indeed, the Court did not hold the document could not qualify for sealed filing, rather it held that Defendants "failed to provide any specific facts demonstrating either the propriety nature of the information in the licensing agreement or why this information would harm their competitive standing." Thus, Court denied the motion because Defendants did "not "explain how any specific portion of the licensing agreement could harm their competitive standing." (*Id.*, Exhibit-9 at 3:1-6). Now that the Court has made Defendants aware of what they must establish to file the document under seal, presumably if such facts exist Defendants will be able to file a tenable motion.

[2] See Joint Stipulation at 15:25-28. Defendants explain that they "disagree" that the portion of the License Agreement cited by Plaintiffs in their Complaint and by Defendants in their Motion to Dismiss are *relevant*. While Defendants may believe they may be able to prevail on the merits by convincing the Court the language of those paragraphs does not mean what it says, they have confused "merits" with "relevance."

Defendants' belief -- that hiding terms in the Agreement is acceptable -- is not persuasive.

## II. DEFENDANTS' REMAINING ARGUMENTS ARE INAPT

Defendants' erroneously claim Plaintiffs "apparently rescinded" an agreement to have the Court conduct an *in camera* review of the unredacted Agreement. Defendants know that is untrue. Plaintiffs did agree to that, if the Court felt it was appropriate, and contacted the Court more than once regarding conducting an *in camara* review, but did not receive any response. In addition to cc'ing Defendants' counsel on the emails to the Court (Joint Stipulation, Exhibit-5), Plaintiffs' counsel reminded Welch of these efforts and provided Welch's counsel with duplicate copies of the emails to the Court, explaining that counsel understood the lack of a response to mean the Court was not going to conduct an *in camera* review. Joint Stipulation, Exhibit-6. Defendants' counsel made no effort to pursue the matter further with the Court. Plaintiffs did not "rescind" their offer. Having now been required to go through the process of filing a motion to compel, the document should at this stage be produced.

Similarly, Defendants' offer to allow Plaintiffs' counsel to view the document once over Zoom (with Defendant's counsel watching) is inadequate and fails to meet Defendants' burden. This process, which Plaintiffs are unaware of having ever been used, is insufficient for a number of reasons. Having Defendants effectively looking over Plaintiffs' shoulder while they review the document potentially impinges on work-product issues. It also fails to give Plaintiffs ample time to consider all the implications of the redacted portions of the Agreement and how they may relate to the case. Moreover, it often happens that the relevance of information does not become apparent until long after it is produced. For example, it is entirely possible that Defendants will file a summary judgment seeking to dismiss Welch and that the reasons set forth in the motion will inform Plaintiffs' counsel with greater detail about

what portions of the Agreement are relevant. Finally, assuming after reviewing the Agreement Plaintiffs still believe the unredacted document should be produced (very likely), they would be in exactly the same position they are in now.

      Defendants' argument is implicitly based on the unsubstantiated premise, already rejected by this Court, that Plaintiffs will not abide by the protective order. Defendants cannot demonstrate that producing the unredacted document under the protective order would cause them any harm. Plaintiffs are not competitors to Defendants, nor even in the same line of work. Rather, the only theoretical harm posited by Defendants would arise from a party violating the protective order. Simply put, the relevance and need to see the unredacted Agreement are clear -- and Defendants have not established that Plaintiffs will ignore the protective order.

Dated:  August 3, 2021                DIVINCENZO SCHOENFIELD STEIN
                                          and LANZA & SMITH, PLC

                                          By:  */s/ Anthony Lanza*
                                                  Martina Smigura
                                                  Anthony Lanza
                                                  Robert J. Stein III
                                                  Attorneys for Plaintiffs

# PROOF OF SERVICE
Darren Clevenger *v.* Welch Foods Inc., et al.
USDC Case No.: 8:20-cv-01859-CJC-JDE

I am a citizen of the United States, over the age of 18 years, employed in the County of Orange in the State of California, and not a party to this cause. My business address is 3 Park Plaza, Suite 1650, Irvine, CA, 92614.

On **August 3, 2021**, I served a true copy of **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL,** by delivering it to the person(s) indicated below:

| | |
|---|---|
| Daniel S. Silverman | *Attorneys for Defendants* |
| Bryan J. Weintrop | Welch Foods Inc., A Cooperative, and |
| VENABLE LLP | The Promotion In Motion Companies, Inc. |
| 2049 Century Park East, Suite 2300 | |
| Los Angeles, CA 90067 | |
| Telephone: (310) 229-9900 | |
| Facsimile: (310) 229-9901 | |
| DSSilverman@venable.com | |
| BJWeintrop@venable.com | |

  **X**   **BY CM/ECF E-MAIL:** Through use of the Federal CM/EFC electronic filing system, I caused a courtesy copy of the above documents to be served by e-mail to the above offices of the addressee(s).

I hereby certify that I am employed in the office of a member of the Bar of this Court, Central District of California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed **August 3, 2021,** at Irvine, California.

*/s/Leona Smialek*
Leona Smialek