# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| **DARREN CLEVENGER and DAVID BLOOM, individually and on behalf of themselves and all others similarly situated,** | Case No.: SACV 20-01859-CJC (JDEx) |
| **Plaintiffs,** | **ORDER GRANTING PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS ACTION PURSUANT TO FRCP RULE 41(a)(2) [Dkt. 135]** |
| **v.** | |
| **WELCH FOODS INC., PIM BRANDS, INC., and DOES 1 through 25, inclusive,** | |
| **Defendants.** | |

## I.    INTRODUCTION

In this class action lawsuit, Plaintiffs Darren Clevenger and David Bloom allege that Defendants Welch Foods Inc., PIM Brands, Inc., and unnamed Does include nonfunctional "slack-fill" in boxes of their Welch's Reduced Sugar Fruit Snacks, Fruit

'n Yogurt Snacks, and certain boxes of Welch's Fruit Snacks in violation of the
Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750–1784.  (*See* Dkt. 74
[Third Amended Complaint, hereinafter "TAC"].)  Now before the Court is Plaintiffs'
motion to voluntarily dismiss the case without leave to refile and to decertify the classes.
(Dkt. 135 [Notice of Motion and Motion to Dismiss Case, hereinafter "Mot."].)  For the
following reasons, Plaintiffs' motion is **GRANTED**.[1]

## II.    BACKGROUND

The current action began when Plaintiffs filed a complaint in state court alleging
claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.
Code §§ 17200–17210, and the CLRA.  Plaintiffs sought restitution and an injunction
under the UCL, and restitution and money damages under the CLRA.  Defendants
removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28
U.S.C. §§ 1332(d)(2), (5).

On September 13, 2023, the Court granted Plaintiffs' motion for certification of
two classes.  (Dkt. 101.)  The first class (the "Retail Class") includes "[a]ll persons who
made retail purchases in the State of California of Welch's Fruit Snacks, Welch's
Reduced Sugar Fruit Snacks, Welch's Fruit 'n Yogurt Snacks, sold in an 8, 10, 18, or 22
count box" from June 30, 2016, through the date the class was certified.  (Dkt. 101
[citing TAC ¶ 35].)  The second class (the "Costco Class") consists of "all persons who
made retail purchases from Costco in the State of California of Welch's Fruit Snacks in a
box containing either eighty or ninety pouches of Fruit Snacks" from June 30, 2016,
through the date the class was certified.  (*Id.* [citing TAC ¶ 36].)

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate
for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set
for June 5, 2023, at 1:30 p.m. is hereby vacated and off calendar.

On December 14, 2022, the Court granted Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' UCL claim for lack of equitable jurisdiction pursuant to *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).  The Court dismissed Plaintiffs' UCL claims "without leave to amend, but without prejudice to Plaintiffs bringing the claims in state court." (Dkt. 118.)  In response to the Court's order, Plaintiffs filed a case in Orange County Superior Court, seeking restitution and injunctive relief under the UCL.[2]  Plaintiffs also filed a motion to stay this case in light of the state court action, which the Court denied.  (Dkt. 132.)  Plaintiffs are now proceeding on their CLRA claims in this federal case and their UCL claims in the state court action.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure Rule 41(a)(2) allows plaintiffs to request a court order dismissing their case when, as here, a defendant has already served an answer to the complaint.  *See* Fed. R. Civ. P. 41(a)(2).  Dismissal may be granted on any "terms that the court considers proper."  *Id.*  Whether to grant a motion for voluntary dismissal rests in the court's sound discretion.  *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).  When exercising its discretion, the Court must bear in mind that Rule 41(a)(2) exists chiefly to protect defendants against plaintiffs manipulating dismissal to the defendants' detriment.  *See Westlands Water Dist. v. United States*, 100 F.3d 94 (9th Cir. 1996).

//

//

//

---

[2]  Defendants again removed the case to this Court under CAFA; however, the Court remanded the case to state court.  *See Clevenger et al. v. Welch Foods, inc. et al.*, No. SACV 23-00127-CJC, (C.D. Cal. March 7, 2023).

# IV. ANALYSIS

Plaintiffs state that because their CLRA claims are "less favorable" than their UCL claims, they wish to dismiss this action and pursue only the UCL claims in state court. (*See* Mot. at 1, 5, 7.) Defendants oppose dismissal, arguing that "it would be unduly prejudicial" to dismiss the case at this stage because they "have been forced by Plaintiffs to vigorously defend these claims for more than two and a half years through both fact discovery and expert discovery," and "are planning to imminently move for summary judgment." (Dkt. 137 [Opposition to Notice of Motion and Motion to Dismiss Case, hereinafter "Opp."] at 2.) The Court considers (1) whether to grant voluntary dismissal, (2) whether dismissal should be with or without prejudice, (3) whether to decertify the classes, and (4) whether to impose any conditions on dismissal.

## A. Voluntary Dismissal

A court should permit a plaintiff to dismiss an action under Rule 41(a)(2) unless the defendant would suffer "plain legal prejudice" as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The Ninth Circuit has defined legal prejudice as "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands*, 100 F.3d at 97. A defendant may experience legal prejudice when a dismissal "would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* Courts also consider whether the plaintiff's motion was motivated by a desire to avoid an imminent adverse ruling. *See Maxum Identity Ins. Co. v. A-1 All American Roofing Co.*, 299 Fed. App'x. 664, 666 (9th Cir. 2008). On the other hand, "[u]ncertainty because a dispute remains unresolved" or "the threat of future litigation" do not constitute plain legal prejudice. *Id.* at 96–97. Nor does plain legal prejudice "result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976

(citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)); *see also id.* ("While [defendant] will be obliged to defend the state court action, this does not add an extra burden to [defendant] because it was already engaged in defending the state court case.  In any event, the need to defend against state law claims in state court is not 'plain legal prejudice.'").

Defendants argue that they will be prejudiced if Plaintiffs' motion is granted because they will be deprived the benefit of a ruling in their favor on a contemplated— but as-yet-unfiled—motion for summary judgment.  (*See* Opp. at 10 ["Plaintiffs now seek to pull the plug on this case to deprive Defendants, who are poised to move for, and will almost certainly obtain, summary judgment on these issues that will have an issue preclusive effect on the state court proceedings, from obtaining such relief."].) Specifically, they believe that at summary judgment the Court would find (1) that "consumers do not find any purported empty space in the boxes of the products material to their purchasing decisions," and (2) "that consumers are neither deceived nor disappointed by the amount of product contained in the box."  (*Id.* at 1.)  Defendants are further "confident that the state court will find that Plaintiffs must establish deception to a reasonable consumer and materiality in order to prevail on their UCL claims," in which case "determinations made by this Court that consumers are not misled by the packaging and/or do not find the alleged non-functional slack fill in the packaging material would have an issue preclusive effect on the state court UCL action."  (*Id.* at 13.)

Defendants' argument is unavailing.  First, Defendants have not filed a motion for summary judgment.  While they purport to be "planning to imminently move for" and "poised to move for" summary judgment, (Opp. at 1, 10), the Court is not aware of any case in which an entirely theoretical motion for summary judgment was the basis for denying a motion to voluntarily dismiss.  In other words, Defendants cannot wrest legal prejudice from dismissal simply by announcing their intention to file a motion for

summary judgment.[3]  Nor do Defendants have any legal interest or legal claim to a ruling on a summary judgment motion.  *See Hepp v. Conoco, Inc.,* 97 F. App'x 124, 125 (9th Cir. 2004) (affirming grant of voluntary dismissal and noting that "[defendant's] assertion that it . . . lost the ability to have summary judgment granted in its favor, is based on the loss of an opportunity to raise a legal argument, not an injury to an actual legal right," and "there is nothing in the record establishing that [defendant] was entitled to have [the] motion granted in its favor").

Second, "Defendants have not sufficiently demonstrated that their assertions [that] Plaintiffs seek to 'avoid issue preclusion' show cognizable legal prejudice."  *M.A.R. v. City of Los Angeles*, 2022 WL 3013133, at *2 (C.D. Cal. June 16, 2022) (citation omitted).  Nowhere in the Opposition do Defendants explain what prejudice their arguments regarding materiality and deception would face if they were raised in state court instead of this Court.  Indeed, it appears that "the only procedural protection [Defendants] . . . would lose in state court is the ability to assert the defense of res judicata," which "does not constitute plain legal prejudice."  *Santa Rosa Mem'l Hosp. v.*

---

[3]  Furthermore, the cases Defendants cite in support of their argument do not help their cause.  (*See id.* at 9–10.)  In *Maxum Indem. Ins. Co.*, the Ninth Circuit held that "[p]rior to A–1's motion to dismiss under Rule 41(a)(2), the district court had previously indicated to both parties how it planned to rule on A1's claim against Perkins.  The court thus acted within its discretion in dismissing A1's claim with prejudice."  299 F. App'x at 666.  In other words, even when the court had told the parties how it was going to rule on the plaintiff's claim, the remedy was simply dismissal *with prejudice*—not a denial of the motion to voluntarily dismiss.  In *Thompson v. Janssen Pharms., Inc.*, the court stated that when the motion to voluntarily dismiss was filed one day before the defendants filed a motion for summary judgment, "the proximity of the two motions raise[d] the inference that Plaintiffs' motion might have been motivated by a desire to . . . avoid an imminent adverse ruling."  2017 WL 5135548, at *6 (C.D. Cal. Oct. 23, 2017), *aff'd*, 756 F. App'x 740 (9th Cir. 2019).  Finally, the courts in both *Af Holdings LLC v. Navasco*, 2013 U.S. Dist. LEXIS 58250 (N.D. Cal. April 23, 2013), and *Martin v. Winett*, 2012 WL 2360800, at *2 (E.D. Cal. June 20, 2012), found that the cure to any legal prejudice the defendants might suffer was to grant the motion to dismiss with prejudice, rather than without prejudice—not to deny the motion.  Here, Plaintiffs are moving for dismissal without leave to refile their CLRA claims in either state or federal court—the very remedy chosen by the courts in Defendants' cited cases.  *See Smith*, 263 F.3d at 976 ("That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice and was not an abuse of discretion.").

*Kent*, 688 F. App'x 492, 493–94 (9th Cir. 2017). Defendants will have the same

arguments available to them in state court as they would in this Court, and having to

litigate the issues in a different forum is not legal prejudice. *See Werdebaugh v. Blue*

*Diamond Growers*, 2015 WL 581386, at *3 (N.D. Cal. Feb. 11, 2015) (granting motion

for voluntary dismissal because it "d[id] not prevent Defendant from raising any specific

defenses or otherwise jeopardize Defendant's ability to make the same arguments in these

other fora").

Third, Defendants' insistence that the Court would "almost certainly" rule in their

favor on summary judgment, (Opp. at 1), is overstated. Defendants assert that they will

prevail on the issues of consumer deception and materiality at summary judgment

because "plaintiffs have produced **NO** affirmative evidence in this action." (*Id.* at 10–

11.) But in their Reply, Plaintiffs identify evidence they would introduce to oppose

summary judgment, as well as ways in which they would challenge the findings in

Defendants' expert report. (*See* Dkt. 138 [Reply in Support of Notice of Motion and

Motion to Dismiss Case] at 5–7.) The fact that Defendants' success on summary

judgment is uncertain further supports the conclusion that they are not prejudiced by

dismissal. *See Breuer v. Weyerhaeuser NR Co.*, 2020 WL 4260948, at *4 (W.D. Wash.

July 24, 2020) (finding that defendant's assertion of a "near-certain adverse ruling" on a

pending motion overstated its position and therefore the loss of a ruling on the motion did

not amount to plain legal prejudice).[4]

Finally, even if "this Court's resolution of" a motion for summary judgment

"would be helpful" in the state court action, "that possibility does not rise to the level of

'prejudice' to a legal interest, claim, or argument." *Werdebaugh*, 2015 WL 581386, at

---

[4] Moreover, the cases Defendants cite in support of the proposition that a plaintiff's avoidance of "a
near certain adverse ruling" can cause legal prejudice to the defendant involved situations in which the
court had actually indicated to the parties how it intended to rule. *See Maxum Indem. Ins. Co.*, 299 F.
App'x at 666; *Martin*, 2012 WL 2360800, at *2. This Court has made no such indication.

*3.  If Defendants believe that Plaintiffs' UCL claims are defective because the challenged packaging was neither deceptive nor material to consumers, "there certainly are procedures by which [they] may bring [those] arguments to the attention of the state court." *Beckett v. MACYSDSNB*, 2012 WL 479593, at *3 (N.D. Cal. Feb. 14, 2012).

There is no evidence that Plaintiffs' motion was motivated by inappropriate gamesmanship or forum shopping.  The choices that Defendants spend much time maligning, (*see* Opp. at 3–8)—such as re-filing their UCL claims in state court and moving to voluntarily dismiss this action after the Court denied their Motion to Stay—were legitimate decisions made in good faith and reflecting sound legal judgment. Plaintiffs are entitled to conclude this matter and Defendants will suffer no legal prejudice by the Court granting Plaintiffs' motion.

### B.    Whether to Dismiss With or Without Prejudice

A district court "has discretion to dismiss with or without prejudice, but unless otherwise ordered the dismissal is to be without prejudice." *Bader v. Electronics for Imaging, Inc.*, 195 F.R.D. 659, 663 (N.D. Cal. 2000); *see WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 n.6 (9th Cir. 2011).  In determining whether a dismissal should be with or without prejudice, courts consider the defendant's effort and expense in preparing for trial, any excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and whether the plaintiff has given a sufficient explanation of the need to dismiss.  *See Fraley v. Facebook, Inc.*, 2012 WL 893152, *3 (N.D. Cal. Mar. 13, 2012); *Burnette v. Godshall*, 828 F.Supp. 1439, 1443–44 (N.D. Cal. 1993).

Here, Plaintiffs seek to dismiss the CLRA claims "without leave to refile them, here or anywhere else."  (Mot. at 7.)  They contend that this terminology is preferable to

dismissal "with prejudice" "[o]ut of caution for protecting Plaintiffs' and the classes' rights in the pending state court UCL" action.  (*Id.*)  They note that this language "accomplishes the same substantive result as using 'with prejudice' language."  (*Id.*)

Regardless of whether the dismissal is referred to as "with prejudice" or "without leave to refile," issue preclusion cannot attach to Plaintiffs' voluntary dismissal of their CLRA claims—at most, dismissal can bar future actions on the same claims between the same parties.  Voluntary dismissal of a claim prior to adjudication and without stipulated findings of fact does not actually litigate any issue.  *See Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 327 (1955) (holding that judgment dismissing previous suit unaccompanied by findings did not bind the parties on any issue).  In *Semtek International, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), the Supreme Court noted that although voluntary dismissals with prejudice are commonly referred to as adjudications "on the merits," only a judgment that "actually passes directly on the substance of a particular claim before the court . . . triggers the doctrine of *res judicata* or claim preclusion."  *Id.* at 501–02; *see also Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002) ("'Since [a dismissal with prejudice] is not accompanied by findings, it does not . . . collaterally estop the plaintiff from raising issues that might have been litigated if the case had proceeded to trial.'" (quoting *Pelletier v. Zweifel,* 921 F.2d 1465, 1501 (11th Cir. 1991)); *see also Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005).

The Court appreciates, however, that Defendants have given Plaintiffs reason to proceed with caution.  The CLRA claims will therefore be dismissed without leave to refile.

//

//

//

## C.    Decertification

A district court also has broad discretion to revisit class certification throughout the proceedings. *See Armstrong v. Davis*, 275 F.3d 849, 872 n. 28 (9th Cir. 2001) (abrogated on other grounds by *Johnson v. Calif.*, 543 U.S. 499 (2005)).  A court may alter or amend an order granting class certification at any time before final judgment, *see* Fed. R. Civ. P. 23(c)(1)(C), and may decide to decertify a class at any time, *see Rodriguez v. West Publishing Co.*, 563 F.3d 948, 966 (9th Cir. 2009) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

### 1.    Whether to Decertify the Classes

Defendants argue against decertification, contending that "it is probable that numerous class members from the currently certified CLRA classes will not be included in the state court proceeding because it is doubtful that the state court will permit Plaintiffs to proceed on claims for products which they did not purchase but which are included in the current 'Retail Class' definition"—namely, products that are substantially similar to the products Plaintiffs purchased.  (Opp. at 16.)  Defendants state that they "are not aware of any California state court case that has applied the 'substantial similarity' test."  (*Id.*)  But at least two California state court cases have indicated approval of the substantial similarity test.  *See White v. De La Calle Co.*, 2023 Cal. Super. LEXIS 24017, *19 (Apr. 27, 2023) (noting that "[t]he prevailing view in the Ninth Circuit is that class action plaintiffs can bring claims for products they did not purchase as long as the products and alleged misrepresentations are substantially similar" (citation omitted) but delaying inquiry into whether products were substantially similar until class certification; "in 'substantially similar' products cases, courts often postpone the inquiry about the similarity of the products until the class certification stage"); *Barrett v. Kroger Co.*, 2022 Cal. Super. LEXIS 4849, *13 (Mar. 1, 2022) ("[I]n order to pursue a class

claim, a plaintiff must demonstrate her own standing and then, in the context of a class certification motion, must show that she may 'present claims on behalf of others who have similar, but not identical interests.'" (citation omitted)).[5]

Plaintiffs have concluded that the best course of action is to abandon the CLRA claims and pursue the UCL claims in state court. As the Ninth Circuit has stated, "class representatives with advice of class counsel may normally make a decision on what claims to pursue." *Smith*, 263 F.3d at 976 n.5; *see id.* at 976 (holding that plaintiff "was entitled to abandon the federal class action and federal claims after deciding that litigation on state law claims in state court was preferable for the interests of the class"). Decertification is therefore appropriate.

## 2.    Whether Notice is Required

While the Ninth Circuit has not addressed the issue, numerous courts have held that notice of decertification is not required when absent class members did not receive notice of the earlier certification. *See Hervey v. City of Little Rock,* 787 F.2d 1223, 1230 (8th Cir. 1986) (noting that "notice of the decertification is required only to the extent necessary to reach those potential class members who received notice of certification and relied on being included in the class"); *Clarke ex. rel. Pickard v. Ford Motor Co.,* 228 F.R.D. 631, 637 (E.D. Wis. 2005) (concluding that notice of decertification was not required because class certification had received no publicity, the court had not sent

---

[5] Defendants also contend that "Plaintiffs openly conceded in their Motion to Stay this case that it is possible that even if the state court certifies classes – which Defendants contend will not occur – the classes will be narrower than what this Court certified such that a significant number of current class members may be excluded from the state court proceeding." (Opp. at 16 [citing Dkt. 127 at 16 fn. 2].) But that is not an accurate representation of the statement in Plaintiffs' Motion to Stay, which said that "[t]he only circumstance where Plaintiffs would pursue the federal case would be if they prevailed in state court, but that court's class certification ruling did not include all of the class members present before the federal court." (Dkt. 127 [Notice of Motion and Motion to Stay Case] at 16 n. 2.)

notice of certification to class members, and there was no indication that any class member learned of the case); *Bah. Surgery Ctr., LLC v. Kimberly-Clark Corp.*, 2020 U.S. Dist. LEXIS 232728, *4–5 (C.D. Cal. Dec. 9, 2020) ("[T]his Court has previously not required that the parties undergo the time and expense of notice of decertification where the decertified class had not yet been notified of their inclusion in the class . . . ."); *Davis v. Homecomings Financial*, 2007 WL 1600809, at *5 (W.D. Wa. June 1, 2007) ("Because notice of the certification has not been sent to class members, no additional notice must be sent of the decertification unless the parties agree otherwise within ten days of the date of this order."); *Moreno v. Dash Lube*, 2021 U.S. Dist. LEXIS 82242, *3–4 (S.D. Cal. April 19, 2021) (holding that parties were not required to send notice of decertification because "notice of class certification was not disseminated to class members" and there was "no indication that class certification . . . received any publicity" or that "any class member learned about Plaintiff's wage statement claim or that the claim was certified.").

Here, the class members have not received notice of certification.  (*See* Mot. at 12.) While it makes sense to inform class members who previously received notice of class certification that the class has been decertified, the Court does not see the value in requiring the parties to undergo the time and expense of identifying and notifying a large number of class members that they are no longer part of a class action of which they were previously unaware.  Such an undertaking would invariably lead to unnecessary confusion.  Conversely, declining to require notice to class members will simply preserve the status quo—absent notification, the individuals will be in the same position relative to this litigation as they ever were.

//

//

//

//

**D.    Conditions of Dismissal**

Whether to impose terms and conditions on a voluntary dismissal under Rule 41(a)(2) is a matter within the discretion of the district court.  *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("We review a district court's determination of the terms and conditions of dismissal under Rule 41(a)(2) for an abuse of discretion").  Here, Defendants request that if the Court grants Plaintiffs' motion, dismissal be subject to four conditions:

1.    Plaintiffs' dismissal of the CLRA claims shall be deemed "with prejudice;"

2.    Plaintiffs' dismissal shall be made subject to the express judicial determination that no consumer has been deceived by the packaging for the subject products;

3.    Plaintiffs' dismissal shall be made subject to the express judicial determination that consumers do not consider the purported nonfunctional slack fill in the subject products material to their purchasing decisions; and

4.    Plaintiffs shall be required to pay Defendants' cost of suit.

(Opp. at 17.)

As discussed *supra*, Section IV(B), dismissal of the CLRA claims will be granted without leave to refile.  Turning to the second and third proposed conditions, the Court's obligation at this juncture is to ensure that Defendants are not prejudiced by Plaintiffs' voluntary dismissal, *see Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982) (explaining that "[t]he very purpose of Rule 41(a)(2) is to allow . . . the court to attach conditions to the dismissal . . . to prevent prejudice to the defendant")—not to resolve disputed issues of law or fact.  As previously discussed,

Defendants will suffer no legal prejudice in the absence of a ruling from this Court on deception and materiality. Accordingly, dismissal will not be conditioned on express judicial determinations on those issues.

Regarding the fourth proposed condition, some courts in this Circuit have found that imposing the payment of costs as a condition of voluntary dismissal with prejudice is improper. *See, e.g., Chavez v. Northland Group*, 2011 WL 317482, at \*4 (D. Ariz. Feb. 1, 2011) ("Although it does not appear that the Ninth Circuit has resolved the issue, other federal courts have concluded that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice."); *Larsen v. King Arthur Flour Co.,* 2012 WL 2590386, at \*1 (N.D. Cal. July 3, 2012); *DuFour v. Allen*, 2015 WL 1285310, at \*3 (C.D. Cal. Mar. 19, 2015). Furthermore, Defendants have not cited any legal authority indicating that the Court must—or even should—impose the payment of their costs as a condition of dismissal in this case. The Court therefore declines to do so.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to voluntarily dismiss without leave to re-file is **GRANTED**.

DATED:  May 30, 2023

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE